■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBION MUNIZ, Appellant.—Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered March 11, 1987, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree and sentencing him as a second felony offender to an indeterminate term of imprisonment of from 2 to 4 years, unanimously affirmed.

The sole issue on appeal is the propriety of sentencing defendant as a predicate felony offender. Defendant contends that neither of his New Jersey burglary convictions, upon which the People rely, qualifies as a predicate felony conviction because the underlying crime would not constitute a felony under New York law. The New Jersey burglary statute provides, in pertinent part,

"[a] person is guilty of burglary if, with purpose to commit an offense therein he:

"(1) [e]nters a structure * * * or

"(2) [s]urreptitiously remains in a structure * * * knowing that he is not licensed or privileged to do so." (NJ Stat Annot § 2C:18-2 [a].)

Thus, the New Jersey burglary statute requires that the culpable conduct be accompanied by the intent to commit an "offense", while Penal Law § 140.20, New York's third degree burglary statute, requires an intent to commit a "crime". Defendant argues that the element of intent in the New Jersey statute is defined in a way that it may not constitute felonious conduct in New York since an "offense" in New Jersey contemplates conduct which might be a mere violation in New York, whereas a "crime" in New York must be a felony or misdemeanor.

We do not find any such infirmity in the New Jersey statute, which provides that an offense "for which a sentence of imprisonment in excess of 6 months is authorized [to be] a crime within the meaning of the Constitution of this State."

(NJ Stat Annot § 2C:1-4 [a].) Crimes are designated "as being of the first, second, third or fourth degree." (NJ Stat Annot § 2C:1-4 [a].) A crime of the first degree is punishable by a sentence of imprisonment for a specific term of between 10 and 20 years; a crime of the second degree for a specific term between 5 and 10 years; a crime of the third degree for a specific term between 3 and 5 years; and a crime of the fourth degree for a specific term not to exceed 18 months. (NJ Stat Annot § 2C:43-6 [a].) Thus, a crime in New York, defined as "a misdemeanor or a felony" (Penal Law § 10.00 [6]), finds its counterpart in the New Jersey statute defining an offense. While the term offense includes a "disorderly persons offense", as well as a "petty disorderly persons offense", it does so only when such offenses are "so designated in [the] code or in a statute other than [the] code." (NJ Stat Annot § 2C:1-4 [b].) The New Jersey burglary statute does not enlarge upon the term "offense" to include such noncrime offenses. Thus, defendant was properly sentenced as a predicate felon on the basis of the New Jersey convictions. Concur—Kupferman, J. P, Sullivan, Asch, Milonas and Ellerin, JJ.