OPINION OF THE COURT
Titone, J.
Following his plea of guilty to the crime of attempted second degree burglary, defendant was adjudicated a second felony offender on the basis of a prior New Jersey burglary *466 conviction. On this appeal, he contends that the lower courts erred in determining that the New Jersey crime of which he was convicted is the equivalent of a New York felony sufficient to satisfy the requirements of Penal Law § 70.06 (1) (b) (i). His appeal requires us to consider whether the New Jersey crime of third degree burglary is, in the abstract, the equivalent of a New York felony and, if not whether the trial court could properly consider the factual allegations in the New Jersey accusatory instrument to elucidate the nature of defendant’s prior crime.
Having been charged in Bronx County with attempted second degree burglary and fourth degree criminal mischief, defendant entered a plea of guilty to the former crime in satisfaction of the indictment. Before the plea was entered, the People filed predicate felony statements claiming that defendant was a second felony offender by virtue of at least one prior conviction for burglary in New Jersey (see, CPL 400.21 [2]). In light of defense counsel’s stated intention to challenge this claim, the court gave defendant a conditional sentence promise of 1 to 3 years’ imprisonment, but advised him that a higher sentence would be imposed if his challenge were unsuccessful.
At the ensuing predicate felony hearing, the People submitted an accusatory instrument filed by the County Prosecutor of Burlington County, New Jersey, charging defendant with committing third degree burglary under New Jersey Statutes Annotated § 2C:18-2.* This instrument alleged that defendant had "committed] an act of burglary by breaking and entering [certain premises] * * * with the intent to commit a theft”. Defense counsel argued that defendant’s conviction under this charge should not lead to his adjudication as a second felony offender, since the New Jersey penal statute treats unlawful entries with intent to commit any "offense” as burglaries while the New York felony burglary provisions require intent to commit a "crime.” After reserving decision, the trial court rejected defendant’s arguments and found that his prior New Jersey burglary conviction was "of such a nature” that it qualified as a predicate felony. Defendant was thereafter sentenced, as a second felony offender, to a term of 2 to 4 *467 years’ imprisonment. The Appellate Division affirmed with a brief memorandum opinion in which it concluded that the "intent to commit an offense” referred to in New Jersey Statutes Annotated §2C:18-2 (a) was the equivalent of the "intent to commit a crime” required by the New York burglary provisions (144 AD2d 242, 243).
On defendant’s appeal to this court, the People concede that the Appellate Division’s analysis, which was not suggested by either party in the argument before that court, was "invalid” and should not be followed. Instead, the People rely on their own comparison of New Jersey’s and New York’s penalty systems, noting that even the lowest "offenses” in New Jersey are punished with maximum jail terms of 30 days and that New York authorizes 30-day sentences only for misdemeanors and felonies. These facts, according to the People, compel the conclusion that a New Jersey "offense” is the equivalent of a New York "crime” as defined in Penal Law § 10.00 (6), making the "intent to commit an offense” element of the New Jersey crime of third degree burglary the equivalent of the "intent to commit a crime” required for burglary in New York. Alternatively, the People contend, even if the New Jersey and New York burglary provisions have somewhat different statutory elements, the crime of which defendant was convicted is the equivalent of the New York felony because, as evidenced by the underlying accusatory instrument, he was charged in New Jersey with breaking and entering "with intent to commit a theft,” conduct which invariably constitutes a "crime” under New York law (see, Penal Law §§ 155.25-155.42). We now reject both arguments and reverse.
Penal Law § 70.06 requires the imposition of enhanced sentences for those found to be predicate felons. In determining whether a particular defendant has earned this label, the court’s analysis must begin with Penal Law § 70.06 (1) (b) (i), which includes in the definition of a predicate felon one who has been convicted in another jurisdiction of "an offense for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state irrespective of whether such sentence was imposed” (emphasis supplied). Since New York authorizes sentences exceeding one year only for felonies, the second prong of this statutory test requires an inquiry to determine whether the foreign conviction has an equivalent among New York’s felony-level crimes.
As a general rule, this inquiry is limited to a comparison of *468 the crimes’ elements as they are respectively defined in the foreign and New York penal statutes. The allegations contained in the accusatory instrument underlying the foreign conviction may ordinarily not be considered, because such instruments frequently contain nonessential recitals (People v Olah, 300 NY 96, 98; see, e.g., People v Spann, 56 NY2d 469). Since recitals that go beyond the statutorily required elements are not necessary to the determination of guilt, there can be no assurance that such allegations played any actual part in the foreign conviction (see, People ex rel. Goldman v Denno, 9 NY2d 138, 142). Accordingly, resort to such recitals to ascertain the nature of the crime of which the defendant was convicted has generally been deemed improper (see, People v Gonzalez, 61 NY2d 586).
This analysis is not applicable, however, where the foreign statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York (id., at 590-591). In such cases, the recitals in the accusatory instrument that describe the particular act or acts underlying the charge are necessary to the extent that they isolate and identify the statutory crime of which the defendant was accused. In such instances, the accusatory recitals are not merely surplusage, and they may properly be considered in determining whether Penal Law § 70.06 (1) (b) (i) has been satisfied (see, People ex rel. Gold v Jackson, 5 NY2d 243, 246).
A comparison between the facts in People v Olah (supra) and those in People ex rel Gold v Jackson (supra) illustrates the point. In Olah, the defendant had been charged with stealing property valued at $200 and convicted under a foreign felony provision that applied to any theft of property valued at more than $20. At that time, New York’s threshold for felonious larceny was $100. Although the foreign accusatory instrument alleged facts which, if proven, would also establish that this threshold had been satisfied, this court declined to permit consideration of those allegations, because the defendant could have been found guilty of the foreign crime regardless of the amount by which the stolen property’s value exceeded $20 and, thus, the “ensuing judgment * * * signified only (1) that Olah had stolen money or property and (2) that the amount involved was at least $20.” (300 NY, at 100, supra.)
*469 In People ex rel. Gold v Jackson (supra), in contrast, the relator had been charged under a foreign statute that classified both "breaking in” and "breaking out” as felony burglaries at a time when New York treated only the former act as a felony. In those circumstances, this court approved resort to the recitals in the foreign accusatory instrument to establish which of those discrete, mutually exclusive acts formed the basis of the charged crime. Significantly, such consideration was necessary to enable the court to identify the precise crime of which the relator had been convicted and to ascertain its statutory elements, so that it could resolve whether the foreign crime was, in fact, the equivalent of a New York felony.
Applying these principles to the facts in the present case, we conclude that the statutory elements of the New Jersey crime of which defendant was convicted, which requires an intent to commit any "offense,” differ materially from the elements of its closest New York analog, third degree burglary, which requires an intent to commit a "crime” (Penal Law § 140.20). It is undisputed that New Jersey’s definition of "offense” includes all acts that are subject to criminal punishment in that State, including some that are the equivalent of petty offenses or violations in New York (NJ Stat Annot § 2C:l-4 [a], [b]; § 2C:1-14 [k]; compare, § 2C:33-2, with Penal Law § 240.20). In contrast, the "crimes” referred to in Penal Law §§ 140.20-140.30 encompass only felonies and misdemeanors (see, Penal Law § 10.00 [6]). Thus, it is possible to violate the New Jersey third degree burglary provisions, i.e., by acting with the intent to commit a petty offense, without necessarily acting with the level of intent required for a felonious burglary in New York.
Further, in determining whether a foreign crime is the equivalent of a New York felony, it is the conduct, rather than the prescribed punishment, that is controlling. Thus, contrary to the People’s argument, the fact that in New Jersey petty offenses may be punished with sanctions that are permissible in New York only for misdemeanors is irrelevant. Regardless of the States’ respective choices as to the proper penalties, the fact remains that the intended "offenses” referred to in the New Jersey burglary statute include conduct which New York would not consider a "crime” for purposes of determining whether the intent necessary to establish the felony of burglary was present.
Inasmuch as there are differences in the statutory elements *470 of New Jersey’s and New York’s burglary provisions, it only remains for us to decide whether the New Jersey accusatory instrument may be considered in resolving defendant’s status as a predicate felon within the meaning of Penal Law § 70.06 (1) (b) (i). In this regard, we conclude that the People’s efforts to fit this case within the so-called "exception” to the general rule set forth in People v Olah (supra) are unavailing.
This is not a situation such as that in People ex rel. Gold v Jackson (supra), where the foreign jurisdiction’s crime could be committed in several different, alternative ways, some of which would constitute felonies if committed in New York and others of which would constitute only misdemeanors (see, People v Gonzalez, supra, at 590-591). Indeed, the facts in this case are indistinguishable in principle from those in Olah. Schematically, in both Olah and this case, the foreign crime was rendered a felony because of a particular aggravating circumstance — value in Olah and intent here — which included, but was broader in coverage than, the analogous aggravating element of the New York felony. In Olah, the foreign crime’s aggravating circumstance, the value of the stolen property, included values in excess of $100 as required in New York, but also encompassed all lesser values above $20. In this case, the foreign crime’s aggravating circumstance, criminal intent, encompasses the intent to commit a "crime” as required by New York law, but it also applies to less culpable levels of intent, notably, the intent to commit what would be a mere violation if committed in New York. In such circumstances, as we held in Olah, it is improper to look to the factual allegations in the accusatory instrument as a means of clarifying the nature of the defendant’s claimed predicate crime, since " 'the controversy did not turn upon [them]’ ” (People v Olah, supra, at 100, quoting Donahue v New York Life Ins. Co., 259 NY 98, 102).
The dissenter asserts that resort to the New Jersey accusatory instrument is proper here because the burglary statute under which defendant was convicted "proscribes several acts, some of which if committed in New York could be a felony” (dissenting opn, at 472). He then goes on to explain this assertion by noting that "[t]he 'offense’ part [of the intent element] can be fulfilled in a number of ways including, as specifically charged in this case, theft.” (Id.) Thus, the dissenter’s position appears to be that the "several acts” test of Gonzalez (supra) is satisfied here because "unlawfully entering with intent to *471 commit a theft” and "unlawfully entering with intent to commit a mere offense” are conceptually different acts.
The fallacy in this analysis is its failure to distinguish between the specific criminal acts required by a penal statute and the various ways in which the statutory crime may be committed. The former concerns the crime’s statutory elements and is relevant to the Penal Law § 70.06 (1) (b) (i) inquiry; the latter concerns the underlying facts and, under Olah (supra), is not relevant to that inquiry.
Moreover, under the dissenter’s formulation, the cases in which the indictment could be considered would be expanded dramatically. Since most penal statutes establish crimes that may be factually committed "in a number of ways,” conduct that violates a particular statute may always be recast in terms that make it appear to be a discrete criminal act by simply substituting a factual description of the conduct for a statutory element, as the dissenter has done. If the dissenter’s view were to prevail, even Olah would have a different outcome, since the out-of-State larceny at issue in that case could have been committed "in a number of ways,” i.e., stealing property valued at different amounts, and it is therefore possible, at least under the dissenter’s formulation, to identify several discrete criminal acts, i.e., stealing property valued at more than $100 (equivalent to a New York felony) and stealing property valued at less than $100 but more than $20 (a nonfelony crime in New York). Thus, if the dissenter were correct, Olah would essentially be overruled. Plainly, nothing that the court said in Gonzalez (supra) was intended to effect such a drastic change in the law.
In summary, inasmuch as there are differences in the intent elements of the crimes and the recitals in the New Jersey "accusation” cannot be considered, it was error to adjudicate defendant a second felony offender on the basis of his Burlington County burglary conviction. Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, the second felony offender adjudication vacated and the sentence reduced to a term of imprisonment of 1 to 3 years in accordance with Supreme Court’s conditional sentence promise.

 The prosecutor had also filed a predicate felony information, and submitted a corresponding accusatory instrument, alleging that defendant had been convicted of third degree burglary in Somerset County, New Jersey. However, the People have since eschewed reliance on the Somerset County conviction.