■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 17, 1987, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and sentencing him as a second violent felony offender to two concurrent indeterminate terms of 8 to 16 years' imprisonment.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the adjudication of the defendant as a second violent felony offender and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the resentencing of the defendant as a second felony offender.

The defendant was improperly adjudicated a second violent felony offender based upon his prior South Carolina conviction. The South Carolina statute under which the defendant

was convicted provides that "[i]t shall be unlawful for any person to store, keep, possess or have in possession or permit another to store, keep, possess or have in possession any machine gun or firearm commonly known as a machine gun, sawed-off shotgun, sawed-off rifle" (SC Code Annot § 16-23-230). The elements of the South Carolina offense coincide with criminal possession of a weapon in the third degree, as defined in Penal Law § 265.02 (3), which is not a violent felony offense (Penal Law § 70.02 [1] [c]). Accordingly, the South Carolina crime for which the defendant was convicted was not necessarily punishable as a violent felony offense in New York. Therefore, the matter should be remitted for the resentencing of the defendant as a second felony offender (see, Penal Law § 70.06 [1] [b]; *People v Muniz,* 74 NY2d 464).

The defendant's other contentions are unpreserved for appellate review and, in any event, without merit (see, *People v Attianese,* 150 AD2d 784). Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.