■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARNETT ANDREWS, Appellant.—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Clabby, J.), imposed August 7, 1990, upon his conviction of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, the sentence being an indeterminate term of two to four years imprisonment, upon his adjudication as a second felony offender.

Ordered that the sentence is modified, on the law, by reducing the indeterminate term of two to four years imprisonment to an indeterminate term of one to three years imprisonment, and vacating the defendant's adjudication as a second felony offender; as so modified, the sentence is affirmed.

As the People concede, the defendant was improperly adjudicated a second felony offender because his conviction in Florida for aggravated assault with a deadly weapon (Fla Stat Annot § 784.021) is not the statutory equivalent of a felony in New York *(see,* Penal Law § 70.06; *People v Gonzalez,* 61 NY2d 586; *cf., People v Muniz,* 74 NY2d 464). As a condition of his plea bargain, the defendant was promised a sentence of an indeterminate term of one to three years imprisonment if he was not adjudicated a second felony offender. The sentence is modified accordingly. Mangano, P. J., Bracken, Eiber, Balletta and O'Brien, JJ., concur.