■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BANKS, Appellant. [614 NYS2d 163] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered October 27, 1992, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of breaking or entering a building with the intent to commit a felony or larceny therein (NC Gen Stats § 14-54 [a]) in the State of North Carolina in 1987. Such an act would constitute a degree of burglary in New York, all forms of which are felonies here (People v Parker, 41 NY2d 21, 24-25). Thus, contrary to the defendant's contentions, he was properly adjudicated a second felony offender based on the North Carolina conviction (see, Penal Law §§ 70.06, 140.20-140.30). Moreover, the record clearly reveals that the defendant was specifically informed at the time he entered his plea that if it were discovered that he had been convicted of a prior felony, he would be subject to different or additional punishment. Accordingly, the defendant cannot now claim that he was not so advised or that the court violated the plea agreement when it imposed a harsher sentence than the one promised once it learned that the defendant indeed had a prior felony conviction (see, People v Atkinson, 127 AD2d 841). Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.