THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON THOMAS, Appellant. [897 NYS2d 244]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered May 27, 2008, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, the defendant's adjudication as a persistent violent felony offender

and the sentence imposed are vacated, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant's conviction in 1997 for robbery in New Jersey is sufficient to serve as a predicate felony in New York and for resentencing thereafter; as so modified, the judgment is affirmed.

The defendant contends that he was deprived of his right to due process, as required by *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), by the prosecutor's failure to produce a report of an interview of the complainant by New York City Police Detective Daniel Perez and the memo-book entries of the two police officers who transported the complainant to a showup identification. The defendant's *Rosario* objections were raised for the first time in a motion to set aside the verdict pursuant to CPL 330.30 (1). Since the factual assertions concerning this undisclosed material were based on matter outside of the record, the Supreme Court properly declined to consider them on the defendant's motion to set aside the verdict pursuant to CPL 330.30 (1) (*see People v Ai Jiang*, 62 AD3d 515 [2009]; *People v Kronberg*, 243 AD2d 132, 135 [1998]; *People v Leka*, 209 AD2d 723 [1994]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion pursuant to CPL 330.30 (1) asserting *Rosario* violations (*see* CPL 330.40 [2] [e] [i]; *People v Thomas*, 55 AD3d 357 [2008]; *see also People v Herrington*, 194 AD2d 379 [1993]).

The defendant's claims of ineffective assistance of counsel are without merit (*see People v Baldi*, 54 NY2d 137 [1981]).

While there is no basis to set aside the conviction, the defendant's adjudication as a persistent violent felony offender and the sentence imposed must be vacated. The People correctly concede that the defendant's 1986 New Jersey conviction for burglary cannot serve as a predicate violent felony offense in New York (*see People v Muniz*, 74 NY2d 464, 471 [1989]; *compare* NJ Stat Ann § 2C:18-1 *with* New York Penal Law § 140.25). The People also correctly concede that it is unclear whether the defendant's 1997 New Jersey conviction for robbery could serve as a predicate violent felony offense for sentencing purposes in New York (*compare* NJ Stat Ann § 2C:15-1 *with* New York Penal Law § 160.15; *see People v Yancy*, 86 NY2d 239, 246-247 [1995]). Hence, this matter must be remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant's 1997 New Jersey robbery conviction is sufficient to serve as a predicate violent felony offense, for a new adjudication with respect to whether the defendant is a persistent violent felony offender, and for resentencing thereafter (*see People v Ferdi-*

*nand*, 288 AD2d 486 [2001]; *People v York*, 133 AD2d 130 [1987]).

The defendants' remaining contentions are unpreserved for appellate review and, in any event, do not require reversal. Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.