Appeal by the defendant from a resentence of the Supreme Court, Kings County (Carroll, J.), imposed August 5, 2010, upon his conviction of robbery in the first degree, upon a jury verdict, after remittitur from this Court for resentencing (see People v Thomas, 71 AD3d 1061 [2010]), the resentence being a determinate term of imprisonment of 18 years and a period of post-release supervision of five years, as a second felony offender.
Ordered that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
The defendant was convicted, after a jury trial, of robbery in the first degree and originally sentenced, as a persistent violent felony offender, to an indeterminate term of imprisonment of 20 years to life. On appeal, this Court, inter alia, vacated the sentence and remitted the matter for a hearing to determine whether the defendant’s 1997 New Jersey robbery conviction under New Jersey Statutes Annotated § 2C:15-1 (a) was sufficient to serve as a predicate felony offense, and for resentencing (see People v Thomas, 71 AD3d 1061 [2010]). Upon determining that the 1997 New Jersey robbery conviction was sufficient to serve as a predicate felony offense, the Supreme Court resentenced the defendant, as a second felony offender, to a determinate term of imprisonment of 18 years and a period of postrelease supervision of five years.
As the defendant correctly contends, the Supreme Court erred in adjudicating him a second felony offender. The New Jersey indictment under which the defendant was charged alleged that he violated either New Jersey Statutes Annotated § 2C:15-1 (a) (1) or (2). However, neither of these subsections is the equivalent of a New York robbery (see People v Muniz, 74 NY2d 464, 467-468 [1989]). The New Jersey robbery statute is broader *924 than the New York robbery statute because it punishes the knowing use of force in the course of attempting to commit a theft or in the immediate flight from the attempt or the commission of the theft, while the New York statute (see Penal Law § 160.00) punishes only the use of force that is for the purpose of preventing resistance to the taking or retention of property or compelling the owner to deliver up the property (see People v Rawls, 65 AD3d 978, 979 [2009]; People v Gilchrist, 223 AD2d 382 [1996]). Therefore, the defendant’s 1997 conviction in New Jersey for robbery cannot serve as a basis for adjudicating him a second felony offender. Accordingly, the resentence must be reversed and the matter remitted to the Supreme Court, Kings County, for resentencing. Rivera, J.P., Chambers, Hall and Miller, JJ., concur.