THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROBLES, Appellant. [982 NYS2d 14]—

Judgments, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered December 2, 2004, convicting defendant, upon his pleas of guilty, of two counts of attempted criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 1½ to 3 years, and order, same court and Justice, entered on or about March 7, 2007, which denied defendant's CPL 440.20 motion to set aside the sentences, unanimously affirmed.

Initially, we reject the People's argument that this appeal has been rendered moot by the fact that defendant has completed his entire sentence. Defendant is not challenging the length of his sentence. Instead, he is challenging the use of his federal conviction as a predicate felony. Such a determination has potential consequences (*see* CPL 400.21 [8] [subsequent use of finding]).

The court properly sentenced defendant as a second felony offender because his prior federal conviction under the Hobbs Act (18 USC § 1951), which criminalizes the interference with commerce by robbery or extortion, was the equivalent of a New York felony (*see People v Muniz*, 74 NY2d 464 [1989]). Defendant argues that the Hobbs Act is broader than the New York extortion statute (Penal Law § 155.30 [6]) because the federal statute encompasses the taking of property by threatening to damage property in the future. However, under the New York statute, larceny by extortion may be committed by threatening to damage property at any time, whether immediately or in the future (Penal Law § 155.05 [2] [e] [ii]), and we find nothing in the statutory scheme to compel a conclusion that only an immediate threat would suffice. We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Friedman, Acosta, Andrias and Richter, JJ.