This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 178
The People &c.,
          Respondent,
      v.
Mark Jurgins,
          Appellant.



          Lisa A. Packard, for appellant.
          Catherine M. Reno, for respondent.



STEIN, J.:

          Defendant contends that his prior Washington, D.C.
conviction for attempt to commit robbery is not equivalent to any
New York felony and, therefore, did not provide a proper basis
for his second felony offender adjudication.  Because we agree
that defendant was erroneously sentenced as a predicate felon

- 1 -

based on that conviction, we reverse and remit for further proceedings.

I.

In satisfaction of a 12-count indictment, defendant pleaded guilty to the top count of robbery in the first degree. Pursuant to the plea offer, defendant's guilty plea was in exchange for a promised sentence of 11 years in prison, plus five years of postrelease supervision, assuming that defendant complied with certain conditions. The plea included treating defendant as a second felony offender. During the plea colloquy, the court clerk read a second felony information based on a 2000 Washington, D.C. conviction (the D.C. conviction) for attempt to commit robbery, and advised defendant that he could challenge it on two grounds: that he was not the person named, or that the conviction was unconstitutionally obtained. Defendant did not challenge the prior conviction on either of those grounds, and Supreme Court thereafter adjudicated him a second felony offender. At sentencing, the court found that defendant had violated a condition of the plea. In accordance with its earlier warning regarding such a violation, the court sentenced defendant to 25 years in prison, plus five years of postrelease supervision.

Defendant thereafter moved pursuant to CPL 440.20 to set aside his sentence on the grounds that he was denied the effective assistance of counsel at sentencing and was unlawfully

sentenced as a second felony offender.  In his motion, defendant
asserted that he had agreed to the plea on the mistaken
assumption that he was a second felony offender, as there was no
discussion of how or whether the D.C. conviction was equivalent
to a felony in New York.  Supreme Court denied defendant's
motion.

Upon defendant's consolidated appeals from the judgment
of conviction and the denial of his CPL 440.20 motion, the
Appellate Division held that defendant's argument that his
predicate felony was not equivalent to a New York felony was
unpreserved and, alternatively, without merit (107 AD3d 595 [1st
Dept 2013]).  The Court also rejected his argument alleging
ineffective assistance of counsel.  However, the Court found the
sentence to be excessive and, therefore, modified the judgment
in the interest of justice by reducing the prison term from 25
years to 15 years.  A Judge of this Court granted defendant leave
to appeal (23 NY3d 1021 [2014]).

II.

Contrary to the People's contention, defendant did not
waive his current argument as to the legality of his sentence.
Waiver cannot be accomplished through silence (see People v
Dickinson, 18 NY3d 835, 836 [2011]).  Thus, defendant's
statements that he was not challenging the predicate felony
information on the two grounds delineated by the court clerk did

not constitute a waiver of other, unmentioned grounds.[1]  We, therefore, conclude that defendant did not affirmatively and knowingly relinquish his rights to challenge whether the foreign conviction qualified as a predicate felony and to be properly sentenced (see People v Samms, 95 NY2d 52, 55 [2000]; compare People v Ross, 7 NY3d 905, 906 [2006]).

Apart from the distinct question of waiver -- which the dissent conflates with the issue of preservation -- we also disagree, at least partially, with the People's assertion that we cannot reach defendant's challenge to the legality of the second felony offender determination because that challenge is unpreserved.  This challenge reaches us in two separate ways in this consolidated appeal -- defendant's appeal is from both the judgment of conviction and from the denial of his subsequent motion to set aside the sentence pursuant to CPL 440.20.  As for the direct appeal, we agree that defendant did not preserve his current argument because he failed to argue at or before

---

[1] The dissent asserts that defendant waived his claim based on the language of CPL 400.21 (3) that allegations in the predicate felony statement are deemed admitted if not controverted.  However, for that rule to apply, the court must ask the defendant if he or she "wishes to controvert any allegation made" in the predicate felony statement (CPL 400.21 [3]).  Here, the court asked defendant whether he had out-of-state convictions and stated that they could be considered as felonies if committed in New York.  However, this colloquy did not occur in connection with the discussion of the predicate felony statement, nor was it addressed to any particular conviction, let alone the one that formed the basis of the predicate felony finding.  As the court did not adhere to the statutory requirement, there was no waiver.

sentencing that the D.C. conviction could not qualify as a predicate felony (see People v Smith, 73 NY2d 961, 962-963 [1989]; People v Parker, 121 AD3d 1190, 1190 [3d Dept 2014]).

However, defendant's challenge to his sentence is preserved for our review insofar as it was raised in his CPL 440.20 motion.[2]  A CPL 440.20 motion is the proper vehicle for raising a challenge to a sentence as "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]), and a determination of second felony offender status is an aspect of the sentence (see CPL 70.06 [included in CPL article 70, addressing sentences of imprisonment]).  One of the legal defects that can be challenged in a CPL 440.20 motion is an alleged error in sentencing a defendant as a second or third felony offender, including the decision to consider certain prior convictions as predicates.  Raising the predicate felony sentencing issue in a CPL 440.20 motion serves the goals and purposes of the preservation rule by permitting the parties to present their arguments on the issue in the trial court, creating a record for appellate review, and allowing the trial court the

---

[2] Notably, "[a] motion [pursuant to CPL 440.20] to set aside [a] sentence may be brought even though the illegality upon which it is grounded presently is appealable or could with due diligence have been appealed.  The rationale for the distinction [in this regard between motions pursuant to CPL 440.10 and 440.20] is that an illegal sentence should be subject to challenge and rectification in the trial court without compelling the defendant to pursue the more lengthy and cumbersome appellate procedure" (Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 440.20 at 11).

first opportunity to correct any error.[3]  Thus, we may address
defendant's current challenge -- that the sentence was illegal
because the D.C. conviction did not render him a second felony
offender -- on the appeal of the denial of his CPL 440.20 motion
to set aside the sentence.

On the merits, the only element of the second felony
offender statute at issue is whether the D.C. conviction is the
equivalent of a New York felony, a matter which the People bore
the burden of establishing (see People v Yancy, 86 NY2d 239, 247
[1995]).  As relevant here, a prior out-of-state conviction
qualifies as a predicate felony conviction if it involved "an
offense for which a sentence to a term of imprisonment in excess
of one year . . . was authorized and is authorized in this state"
(Penal Law § 70.06 [1] [b] [i]).  Because New York authorizes a
prison sentence of more than one year only for felonies, we must
determine whether defendant's foreign conviction is equivalent to
a New York felony (see People v Ramos, 19 NY3d 417, 419 [2012];

---

[3] The dissent complains that the purpose of preservation is
not achieved here because this case requires reliance on
materials outside the record, specifically the D.C. statute and
D.C. case law.  We acknowledge that defendant did not include the
foreign statute in his CPL 440.20 motion papers, where he raised
his legal arguments concerning that statute.  However, the
applicable law is unlike factual information that must be
included in a record.  Courts routinely consult New York statutes
and case law to ensure lawful sentencing, but we do not require
the law, itself, to be placed in the record.  The result should
be no different where it is necessary for a court to refer to the
law of another state; under such circumstances, we can take
judicial notice of the law of the foreign jurisdiction.

People v Muniz, 74 NY2d 464, 467 [1989]; People v Gonzalez, 61
NY2d 586, 592 [1984]).

The general rule limits this inquiry "to a comparison
of the crimes' elements as they are respectively defined in the
foreign and New York penal statutes" (Muniz, 74 NY2d at 467-468;
see People v Yusef, 19 NY3d 314, 321 [2012]).  In this regard,
courts generally should consider only the statutes defining the
relevant crimes, and may not consider the allegations contained
in the accusatory instrument underlying the foreign conviction
(see People v Olah, 300 NY 96, 98 [1949]).  However, under a
narrow exception to the Olah rule, the underlying allegations
must be considered when "the foreign statute under which the
defendant was convicted renders criminal several different acts,
some of which would constitute felonies and others of which would
constitute only misdemeanors [or no crime] if committed in New
York" (Muniz, 74 NY2d at 468; see Gonzalez, 61 NY2d at 590;
People ex rel. Goldman v Denno, 9 NY2d 138, 140 [1961]; People ex
rel. Gold v Jackson, 5 NY2d 243, 245-246 [1959]).  In those
circumstances, the allegations will be considered in an effort to
"isolate and identify" the crime of which the defendant was
accused, by establishing "which of those discrete, mutually
exclusive acts formed the basis of the charged crime" (Muniz, 74
NY2d at 468-469).  The analysis requires us to

> "distinguish between the specific criminal
> acts required by a penal statute and the
> various ways in which the statutory crime may
> be committed.  The former concerns the

crime's statutory elements and is relevant to the Penal Law § 70.06 (1) (b) (i) inquiry; the latter concerns the underlying facts and . . . is not relevant to that inquiry" (id. at 471).

The D.C. statute underlying defendant's prior conviction provides that, "[w]hoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery" (DC ST § 22-2801; see DC ST § 22-2802 [attempt to commit robbery]).  In New York, robbery is defined as "forcible stealing.  A person forcibly steals property and commits robbery when, in the course of committing a larceny, he [or she] uses or threatens the immediate use of physical force upon another person" to prevent resistance to the taking or to compel the owner to deliver up the property (Penal Law § 160.00; see Penal Law § 110.00 [defining attempt to commit a crime]).

The parties agree that a taking "by sudden or stealthy seizure or snatching" would not be considered a robbery or other felony in New York, inasmuch as it is akin to pickpocketing, or the crime of jostling, which is a misdemeanor in this state (see Penal Law § 165.25).  However, the parties dispute whether the D.C. statute describes different ways to commit the crime of robbery or specific criminal acts that are required under the statute.  We interpret the dependent clause between the first two commas in the D.C. statute as modifying the first phrase, "by

force or violence." That is, a taking "by force or violence" can be committed in several different ways, including "by sudden or stealthy seizure or snatching." Our reading of the statute is consistent with that of the D.C. courts that have interpreted its language (see United States v Mathis, 963 F2d 399, 408 [DC Cir 1992] [noting that this same statute can be violated by pickpocketing]; Jackson v United States, 359 F2d 260, 262-263 [DC Cir 1966]; see also Williams v United States, 113 A3d 554, 560 [DC Ct of Appeals 2015]).

Thus, as relevant here, under the D.C. statute the taking can occur (1) by force or violence, or (2) by putting in fear.[4] The force or violence element can be accomplished (1) against resistance, or (2) by sudden or stealthy seizure, or (3) by snatching (see Mathis, 963 F2d at 408). Stated another way, "the statute must be interpreted to include 'stealthy seizure' as a form of 'force or violence'" (id.). The statutory language means that the crime can be committed in different ways, and the phrase "sudden or stealthy seizure or snatching" does not describe separate criminal acts required by the statute in addition to the use of "force or violence" (see Jackson, 359 F2d at 262-263). Consequently, we do not look at the underlying accusatory instrument to determine if the crime is equivalent to a New York felony (see Yusef, 19 NY3d at 321). Because the

---

[4] The alternative element of "putting in fear" is not at issue here.

statute, itself, indicates that a person can be convicted of the D.C. crime without committing an act that would qualify as a felony in New York (i.e., by pickpocketing), defendant's D.C. conviction for attempt to commit robbery was not a proper basis for a predicate felony offender adjudication (see Ramos, 19 NY3d at 420).

The illegal determination that defendant is a second felony offender must, therefore, be vacated and the matter remitted for further proceedings pursuant to CPL 440.20. Upon remittal, the People may allege a different prior felony conviction -- if one exists -- as a basis for a predicate felony adjudication (see People v Marrero, 3 NY3d 762, 763 [2004]; People v Hunt, 162 AD2d 782, 783-784 [3d Dept 1990], affd 78 NY2d 932 [1991], cert denied 502 US 964 [1991]). Based on this determination, we need not reach defendant's argument regarding ineffective assistance of counsel.

Accordingly, the order of the Appellate Division should be reversed, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

The People of the State of New York v Mark Jurgins

No. 178

PIGOTT, J. (dissenting):

The majority's decision today exempts defendant's post-conviction motion from the same rules of preservation that bar his direct appeal. Because this distinction has no basis in law or in logic and runs afoul of our longstanding preservation jurisprudence, I dissent and would affirm the order of the Appellate Division.

As the majority correctly recognizes, a challenge to the equivalency of a foreign felony conviction must be preserved by timely objection in the sentencing court (see People v Smith, 73 NY2d 961, 961 [1989]). This is so because determining whether a particular out-of-state conviction is the equivalent of a New York felony may involve the production and examination of foreign accusatory instruments and, conceivably, the resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions (see People v Samms, 95 NY2d 52, 57 [2000]).

Timely objection is also required by statute. Section 400.21 of the Criminal Procedure Law governs the procedure to be used when the People seek an enhanced sentence based on a defendant's prior conviction. It requires the People to provide

- 1 -

the defendant with a predicate felony statement, setting forth the date and place of the prior conviction and alleging that the prior conviction is a valid "predicate" within the meaning of Penal Law § 70.06 (CPL 400.21[2]).  The court must provide the defendant an opportunity to object to or controvert the allegations in the People's statement (CPL 400.21[3]).  Any "[u]ncontroverted allegations shall be deemed to have been admitted" (id.).

The People complied with CPL 400.21 in this case by providing defendant with a predicate felony statement containing the date and place of his prior attempted robbery conviction.  It clearly stated that his D.C. conviction for attempted robbery constituted "a predicate felony, as defined in [Penal Law § 70.06(1)(b)]."  The court explained to defendant that he had out-of-state convictions that would be the equivalent of felonies if they had occurred in New York, and the court asked if defendant understood that the convictions would be recognized as felonies.  Defendant stated that he understood and that he still wished to plead guilty.  Therefore, the allegations in the statement, including the allegation that defendant's D.C. conviction is a valid predicate felony, were deemed admitted (see CPL 400.21[3], [8]).

The fact that the court's colloquy did not specifically address the D.C. conviction does not excuse defendant from his statutory obligation to object (see majority op at 4 n 1).  We

have previously held that the "statutory purposes for filing a predicate statement (CPL 400.21) [are] satisfied" when a defendant is provided "with reasonable notice and an opportunity to be heard" (People v Bouyea, 64 NY2d 1140, 1142 [1985]). Here, although he was given a copy of the predicate felony statement and admitted to the existence of the prior conviction, defendant "raised no challenge to the court's consideration of the prior conviction" and "made no objection to being sentenced as a predicate felon" (id.). Therefore, defendant's claim has been statutorily waived (see People v Hummel, 127 AD3d 1506, 1507 [3d Dept 2015] [rejecting defendant's challenge to his second felony offender status based on the court's failure to comply with CPL 400.21(3) because defendant failed to object at sentencing and because "there was substantial compliance with CPL 400.21"]).

It is difficult to overstate how consistently the courts of this state have relied on CPL 400.21 and our holding in Smith to reject claims like the one defendant raises here. The Appellate Divisions uniformly find challenges to the equivalency of a foreign felony conviction unpreserved or waived where defendants fail to raise the issue at sentencing (see People v De Aga, 74 AD3d 552, 552 [1st Dept 2010] [finding defendant's challenge to the equivalency of his foreign felony conviction unpreserved based on CPL 400.21 and Smith but reaching the issue in the interest of justice]; People v Kelly, 65 AD3d 886, 887 [1st Dept 2009], lv denied 13 NY3d 860 [2009] [finding

defendant's claim unpreserved based on CPL 400.21 and <u>Smith</u>];
<u>People v Delston</u>, 62 AD3d 1023, 1023 [2d Dept 2009], <u>lv denied</u> 13
NY3d 836 [2009] [same]; <u>People v Crippa</u>, 245 AD2d 811, 812 [3d
Dept 1997] [same]; <u>People v Gonzalez</u>, 61 AD3d 1428, 1429 [4th
Dept 2009] [same]; <u>see</u> <u>also</u> <u>Delston v New York</u>, 2010 WL 3004591
*17-18 [ED NY 2010] [finding defendant's claim that he was
improperly sentenced as a second felony offender procedurally
barred from habeas review because he failed to controvert the
equivalency of the foreign conviction at sentencing]).

Notably, each of the defendants in the aforementioned
cases raised his claim in a CPL 440.20 motion to set aside the
sentence.  Unlike the majority, those courts draw no distinction
between a direct appeal and a post-conviction motion for purposes
of preservation.  And rightly so.  Nothing in the Criminal
Procedure Law or our decisions interpreting it allows us to
review unpreserved claims simply because they are raised in a CPL
440.20 motion.  Rather, the purpose of CPL 400.21(3) and our
contemporaneous-objection rule is to promote finality and prevent
further litigation over belated claims like the one defendant
raises here, which could have been resolved with a specific and
timely objection (<u>see</u> CPL 470.05[2]; <u>People v Lopez</u>, 71 NY2d 662,
665 [1988]).[1]  The majority's decision today burdens trial courts

---

[1] To be sure, defendant had every incentive not to object to
the foreign felony conviction.  The agreement he negotiated
allowed him to plead guilty to one count of robbery in the first
degree in satisfaction of the twelve charges for which he was

with an issue that can and should be litigated in the first instance.  In the process, it has allowed this defendant to achieve an end-run around our preservation rules that I suspect future litigants will repeat.

Although I would not reach the merits of defendant's unpreserved claim, since the majority has, I will express my disagreement on that front as well.

The majority holds that the courts below erred in looking beyond the elements of the D.C. and New York robbery statutes because DC Code § 22-801 does not criminalize different acts of robbery but merely different ways of committing a robbery, one of which would not be a felony if committed in New York (majority op at 9).  This is a hypertechnical reading of the D.C. statute and of our decisions regarding the equivalency of foreign felony convictions.

As originally conceived, the Olah rule (see majority op at 10) did not require courts to abstain altogether from considering the factual allegations of a charge.  It merely acknowledged that indictments often contain nonessential facts that go beyond what the statute requires (see People v Olah, 300 NY 96, 101 [1949]).  And if we considered only the indictment in determining whether a defendant was convicted of a crime in another jurisdiction that would be a felony if committed in New York, we would run the danger of extending or enlarging the crime

indicted.

of which he was actually convicted (id.).

The facts in Olah provide the perfect example. The defendant in that case was accused of having stolen a wallet, in New Jersey, that contained $200. Although it was a felony in New York to steal more than $100, the defendant in Olah pleaded guilty to a New Jersey offense that made it a crime to steal $20 or more. By looking at the facts of the indictment rather than the statutory elements, the lower court said that defendant's New Jersey conviction was equivalent to a felony in New York because, as the indictment alleged, he stole more than $100. We reversed, stating it did not matter whether the defendant in fact stole more than $100, because he pleaded guilty only to stealing $20 (id. at 100). Similarly, if the defendant had gone to trial in New Jersey and been found "guilty," the verdict would have reflected only that he stole money that amounted to at least $20 because the prosecution never would have had to prove beyond a reasonable doubt that defendant stole more than $100, as New York requires.

Thus, the "intent and spirit of the Olah rule require that the courts of New York abstain from considering surplusage contained in the indictment or information" (People ex rel. Gold v Jackson, 5 NY2d 243, 245 [1959] [emphasis added]; see also People v Muniz, 74 NY2d 464, 470 [1989] [finding it improper to look to the factual allegations in an accusatory instrument only where the controversy does not turn upon them]). It does not

prohibit us from considering the accusatory instrument in order to clarify or identify the particular crime of which defendant was convicted (People v Gonzalez, 61 NY2d 586, 591 [1984]; Muniz, 74 NY2d at 468).

A practical reading of the D.C. statute at issue shows that it criminalizes multiple acts, all of which would be felonies in New York (acts of violence and force and by putting in fear) except one, which would be a misdemeanor (taking property by sudden or stealthy seizure or snatching) (see DC ST § 22-2801). In order to ascertain the particular crime of which defendant was convicted, it was appropriate for the courts below to consider the facts alleged in the accusatory instrument. When they did, it became clear that defendant was convicted of attempted robbery for using force or violence against resistance and for putting the victim in fear, both of which would be felonies if committed in New York. If the opposite had been true -- if defendant indeed had been a pickpocket -- those facts too could be considered by the sentencing court and the predicate felony statement rejected. Thus, the importance of preservation.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed and case remitted to Supreme Court, Bronx County, for further proceedings in accordance with the opinion herein. Opinion by Judge Stein. Chief Judge Lippman and Judges Rivera, Abdus-Salaam and Fahey concur. Judge Pigott dissents and votes to affirm in an opinion.

Decided December 17, 2015