■ The People of the State of New York, Respondent, v Kendall Davis, Appellant. [26 NYS3d 474]—

Order, Supreme Court, New York County (Richard D. Carruthers, J.), entered on or about January 22, 2014, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously reversed, on the law, defendant's second felony offender adjudication vacated and the sentence reduced to a term of 1 to 3 years. Appeal from judgment (same court and Justice), rendered May 11, 2011, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, dismissed as subsumed in the appeal from the order.

Defendant's prior conviction in Connecticut for sexual assault in the first degree cannot be considered a predicate felony offense in New York, because Connecticut General Statutes Annotated § 53a-70 (a) (1) is broader than its New York counterparts, Penal Law §§ 130.35 (1), 130.50 (1) and 130.65 (1). The New York statutes prohibit various sexual acts by forcible compulsion, which is defined (among other things) as the use of a threat "which places a person in fear of immediate death or physical injury [to someone] or in fear that [someone] will immediately be kidnapped" (Penal Law § 130.00 [8]; *see People v Thompson*, 72 NY2d 410 [1988]). In contrast, Connecticut General Statutes Annotated § 53a-70 (a) (1) does not contain any requirement that a threat issued to compel sexual

intercourse must threaten immediate harm. Accordingly, the Connecticut statute is necessarily broader than its New York counterparts, and may not serve as a predicate offense (*see People v Muniz*, 74 NY2d 464, 467-468 [1989]).

In addition, since Connecticut General Statutes Annotated § 53a-70 (a) (1) is a general intent statute (*State v Rothenberg*, 195 Conn 253, 258 n 4, 487 A2d 545, 549 n 4 [1985]), "the prosecution need not establish that the accused intended the precise harm or precise result which resulted from his acts" (*State v Fagan*, 280 Conn 69, 77, 905 A2d 1101, 1108 [2006], *cert denied* 549 US 1269 [2007]). Accordingly, a conviction under the statute is warranted even if a rape committed by a person other than the defendant is the unintended result of the defendant's use or threatened use of force (*see State v Warren*, 14 Conn App 688, 692-694, 544 A2d 209, 212-213 [1988], *cert denied* 209 Conn 805, 548 A2d 442 [1988], *cert denied* 488 US 1030 [1989]). In contrast, New York law requires that in order to establish accessorial liability the People must establish that a defendant, acting with the mental culpability required for the commission of the crime at issue, either solicited, requested, commanded, importuned, or intentionally aided another in committing the crime (Penal Law § 20.00). Accordingly, the Connecticut statute is broader than its New York counterparts in this regard as well. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.