People v Johnson (2020 NY Slip Op 05458)





People v Johnson


2020 NY Slip Op 05458


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Ind No. 3595/14 Appeal No. 11967-11967A Case No. 2016-01498 

[*1]The People of the State of New York, Respondent,
v
Aaron Johnson, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Kerry Fulham of counsel), for respondent.



Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered January 6, 2016, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 2½ years; and order, same court (Robert M. Stolz, J.), entered on or about May 29, 2019, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously affirmed.
Defendant's murder conviction in Maryland was the equivalent of a New York felony, and was properly used for predicate sentencing purposes. Initially, we find that defendant did not affirmatively waive the right to raise this issue (see People v Jurgins, 26 NY3d 607, 611 [2015]), which was preserved by way of his CPL 440.20 motion (see id. at 612-13).
While the inquiry regarding equivalency between foreign and New York crimes is usually limited to comparison of statutory elements, without reference to the allegations in the foreign accusatory instrument, a court may consult those allegations "where the foreign statute . . . renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York," and the recitals identify the crime of which the defendant was accused (People v Muniz, 74 NY2d 464, 468 [1989]). Here, Maryland's statute encompasses four different types of second-degree murder, one of which is "killing another person . . . with the intent to kill" (Thornton v State, 397 Md 704, 722 [2007]), a crime that is unquestionably equivalent to second-degree murder (intentional) under Penal Law § 125.25(1).
Reference to defendant's Maryland indictment charging him with first-degree murder demonstrates that the "intent to kill" variant of Maryland second-degree murder is the crime defendant pleaded guilty to, because it is the only variant that is a lesser included offense of the charge in the indictment. In this particular situation, the fact that defendant pleaded guilty to a lesser included offense actually establishes the equivalency, rather than undermining it, as it did in People v Gonzalez (61 NY2d 586 [1984]). Accordingly, defendant's predicate sentencing was proper.
We find it unnecessary to reach the People's alternative argument for finding equivalency. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020