People v Sylvester (2020 NY Slip Op 05702)





People v Sylvester


2020 NY Slip Op 05702


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Gische, J.P., Singh, Kennedy, Mendez, JJ. 


Ind No. 933N/17 Appeal No. 12038 Case No. 2018-2755 

[*1]The People of the State of New York, Respondent,
v
Steven Sylvester, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant. 
Cyrus R. Vance, Jr. District Attorney, New York (Philip Vyse Tisne of counsel), for respondent. 



Judgment of resentence, Supreme Court, New York County (Juan Merchan, J.), rendered October 29, 2019, resentencing defendant, upon his plea of guilty to criminal possession of a controlled substance in the fourth degree, as a second felony drug offender, to a term of three years, unanimously affirmed.
The court properly adjudicated defendant a second felony drug offender based on defendant's North Carolina conviction for breaking and entering and his federal conviction for robbery under the Hobbs Act (see Penal Law 70.70[1][b]; 70.06[1][b][i]).
New York courts use a "strict equivalency" standard to determine if a statute in a foreign jurisdiction qualifies as a predicate felony in New York (People v Helms, 30 NY3d 259, 263 [2018]). Under the strict equivalency standard, courts compare the elements of the foreign crime to the New York equivalent, and not the underlying accusations of the foreign accusatory instrument, and may look to the case law of the foreign jurisdiction to determine how the elements are to be interpreted (Helms, 30 NY3d at 264).
A person commits a Hobbs Act robbery when he "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section" (18 USC § 1951[a]). The Hobbs Act statute defines the term "robbery" as "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining" (18 USC § 1951[b][1]). The term "extortion" is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right" (18 USC § 1951[b][2]).
In New York, a "person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law 155.05[1]). Larceny by extortion, which is also codified as subsections of the second and fourth-degree grand larceny statutes, occurs when a defendant "compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will: i) Cause physical injury to some person in the future; or (ii) Cause damage to property; ?or (iii) Engage in other conduct constituting a crime; ?or (iv) Accuse some person of a crime or cause criminal charges to be instituted against him; or (v) Expose a secret or publicize an asserted fact, whether true or false, tending to subject some person to hatred, contempt or ridicule; ?or (vi) Cause a strike, boycott or other collective labor group action injurious to some person's business; ?except that such a threat shall not be deemed extortion when the property is demanded or received for the benefit of the group in whose interest the actor purports to act; ?or (vii) Testify or provide information or withhold testimony or information with respect to another's legal claim or defense; ?or (viii) Use or abuse his position as a public servant by performing some act within or related to his official duties, or by failing or refusing to perform an official duty, in such manner as to affect some person adversely; ?or (ix) Perform any other act which would not in itself materially benefit the actor but which is calculated to harm another person materially with respect to his health, safety, business, calling, career, financial condition, reputation or personal relationships" (Penal Law 155.05[2][e]; 155.30[6], 155.40[2])
As this Court held in People v Robles, (115 AD3d 420, 421 [1st Dept 2014], lv denied 23 NY3d 1066 [2014]), a Hobbs Act robbery is equivalent to the crime of larceny by extortion in New York (Penal Law 155.05), and a Hobbs Act robbery does not encompass a broader range of behavior than larceny by extortion. Contrary to defendant's contention, the intent elements of each crime require proof that a defendant intended to commit a larceny, but do not require a specific intent that defendant intended to instill fear in order to extort; it is sufficient to show that the actus reus occurred in tandem with a defendant's intent to commit a larceny (see United States v Garcia-Ortiz, 904 F3d 102, 108 [1st Cir 2018], cert denied 139 S Ct 1208 [2019]; United States v Gray, 260 F3d 1267, 1283 [11th Cir 2001], cert denied 536 US 963 [2002]; Penal Law 155.40[2]; CJI(2d) Grand Larceny 2: Extortion by Most Serious Means). Additionally, both statutes require a showing that the defendant intended to permanently deprive the victim of property. Federal robbery statutes are based on common-law robbery, which requires a defendant to seek to permanently deprive a victim of property (see Government of Virgin Is. v Carmona, 422 F2d 95, 98 [3d Cir 1970]). Similarly, larceny in New York requires a showing that a defendant intended to permanently deprive another of property (People v Medina, 18 NY3d 98, 105 [2011]).
The North Carolina statute, entitled "Breaking or Entering Buildings Generally," independently qualifies as a predicate felony offense to justify enhanced sentencing in New York because it is equivalent to third-degree burglary. The North Carolina statute provides that a person is guilty of this crime when he "breaks or enters any building with intent to commit any felony or larceny therein" (see N.C.G.S.A. § 14-54[a]). New York's third-degree burglary statute provides that a person is guilty of a class D felony if a person "knowingly enters or remains unlawfully in a building with intent to commit a crime" (PL 140.20). "A person . . . remains unlawfully in or upon premises when he is not licensed or privileged to do so" (PL 140.00[5]).
Defendant's claims are unavailing (People v Banks, 204 AD2d 473 [2d Dept 1994], lv denied 83 NY2d 1002 [1994]). Contrary to defendant's contention, the act of breaking into a building without actually entering inside is not a misdemeanor offense in New York when a defendant does so with the intent to commit a crime therein; it is an attempted burglary, a class E felony offense (see People v King, 61 NY2d 550, 555 [1984]; People v Covington, 253 AD2d 711 [1st Dept 1998], lv denied 92 NY2d 981 [1998]; see also People v McFarland, 106 AD3d 1129, 1130 [3d Dept 2013], lv denied 22 NY3d 1140 [2014] ). Similarly, in North Carolina, "breaking" "constitutes any act of force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed" (State v Noland, 312 NC 1, 13-14 [1984][internal quotation marks omitted and citations omitted], cert denied 469 US 1230 [1985]).
Moreover, although the New York statute includes the word "knowingly" and the North Carolina statute does not, a prosecutor in North Carolina must nevertheless show that defendant did not have permission to enter and lacked a good faith belief that he had consent to enter (see State v Laws, 249 NC App 683, **3 [2016]; State v Blackburn, 2009 NC App LEXIS 281, *9 [2009]).
Finally, defendant's assertion that the North Carolina statute's definition of "building" is more sweeping than New York's definition finds little support in North Carolina. New York defines "building" as hewing to its "ordinary meaning" (see Penal Law 140.00[2]; see also 150.00[1]; People v Fox, 3 AD3d 577, 578 [2004], lv denied 2 NY3d 739 [2004]). Similarly, courts in North Carolina define a building as a "constructed edifice designed to stand more or less permanently, covering a space of land, usually covered by a roof and more or less completely enclosed by walls (State v Gamble, 56 NC App 55, 58 [NC App 1982]).
Defendant validly waived his right to appeal (People v Thomas, 34 NY3d 545, 553 [2019], cert denied _US _, 206 L Ed 2d 512 [2020]; People v Ramos, 7 NY3d 737, 738 [2006]) foreclosing review of his excessive sentence claim, which we reject in any event. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020