People v Jamison (2021 NY Slip Op 04668)





People v Jamison


2021 NY Slip Op 04668


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2019-07224
 (Ind. No. 105/18)

[*1]The People of the State of New York, respondent,
v
Karsheen R. Jamison, appellant.


Salvatore C. Adamo, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Michael G. Hayes, J.), rendered May 21, 2019, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and sentencing him, upon his adjudication as a second violent felony offender, to a determinate term of imprisonment of 13 years plus 5 years of postrelease supervision.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second violent felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for a hearing to determine whether one of the defendant's convictions in the State of Florida for armed robbery and possession of a weapon by a felon would qualify as a predicate violent felony in New York pursuant to Penal Law § 70.04(1)(b)(i), and for resentencing thereafter.
The defendant was convicted of criminal possession of a weapon in the second degree, upon his plea of guilty. The County Court adjudicated and sentenced the defendant as a second violent felony offender.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of [that] discretion" (People v Bennett, 115 AD3d 973, 973-974 [internal quotation marks omitted]; see CPL 220.60[3]; People v Balbuenatorres, 179 AD3d 828, 829). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (People v Jackson, 170 AD3d 1040, 1040 [internal quotation marks omitted]).
Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole, we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Bhuiyan, 181 AD3d 699, 700; People v Jackson, 170 AD3d at 1040-1041).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 [*2]proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
However, the County Court should not have adjudicated and sentenced the defendant as a second violent felony offender without first holding a hearing to determine if one of the Florida crimes for which the defendant was convicted would qualify as a predicate violent felony pursuant to Penal Law § 70.04(1)(b)(i) (see People v Muniz, 74 NY2d 464, 468; People v Thomas, 71 AD3d 1061, 1062). The Florida robbery statute under which the defendant was convicted (see Fl. Stat § 812.13) criminalizes several different acts, some of which, if committed in New York, would constitute a violent felony pursuant to Penal Law § 160.15 or § 160.10, and some of which would not. Further, the Florida statute under which the defendant was convicted of possession of a weapon by a felon (see Fl. Stat § 790.23[1]) does not set forth elements that are equivalent to a violent felony in New York (see Penal Law § 70.02[1]). Under such circumstances, resort to the Florida accusatory instrument, among other things, would be needed to ascertain the particular act or acts underlying the defendant's convictions for robbery and possession of a weapon by a felon in Florida to determine whether the underlying acts were equivalent to a violent felony in New York (see People v Muniz, 74 NY2d at 468; People v Gonzalez, 61 NY2d 586, 590-591).
Accordingly, the matter must be remitted to the County Court, Dutchess County, for a hearing to determine whether one of the defendant's convictions in the State of Florida for armed robbery and possession of a weapon by a felon were based on acts which would constitute a violent felony pursuant to Penal Law § 70.04(1)(b)(i), and for resentencing thereafter (see People v Boston, 79 AD3d 1140, 1141-1142; People v Thomas, 71 AD3d at 1062).
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court