■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID B. WICKS, Appellant. [648 NYS2d 713] —Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered April 14, 1995, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree.

Defendant pleaded guilty to the crime of criminal possession of a forged instrument in the second degree. As part of the plea negotiations, defendant was to be sentenced to five years' probation, the first six months of which were to be spent in the Albany County Jail. Prior to sentencing, however, County

Court discovered that defendant had previously been convicted in Utah of the crime of forgery in the third degree. Based upon the Utah conviction, County Court permitted defendant to amend his plea and plead guilty to the crime of attempted criminal possession of a forged instrument in the second degree and sentenced him as a second felony offender to a term of 1½ to 3 years in prison. Defendant appeals, contending that the Utah conviction did not form a valid basis for sentencing him as a second felony offender and that, therefore, the sentence is illegal.

Pursuant to Penal Law § 70.06 (1) (b) (i), a person may be sentenced as a second felony offender based upon a conviction in another State if the out-of-State conviction is for an offense "for which a sentence to a term of imprisonment in excess of one year * * * was authorized and is authorized in this state". Defendant was convicted of the crime of forgery in the third degree in Utah and concedes that Utah law authorizes a sentence in excess of one year for this crime. He argues, however, that such a sentence would not be authorized under New York law.

Under Utah law as it existed at the time of defendant's 1992 forgery conviction, a person was guilty of forgery in the third degree if he or she transfered a false or altered check with a face amount of less than $100 (see, Utah Code Annot § 76-6-501 [former (4)]). The equivalent offense under New York law is the crime of forgery in the second degree which occurs when a person "falsely makes, completes or alters a written instrument" including a "commercial instrument", such as a check (Penal Law § 170.10 [1]). Since the crime of forgery in the second degree is punishable in New York by a prison term in excess of one year (see, Penal Law § 70.00 [2] [d]; [3] [b]), we find that County Court properly considered the Utah conviction as a basis for sentencing defendant as a second felony offender (see, Penal Law § 70.06 [1] [b] [i]). Accordingly, we do not find the sentence to be illegal (cf., People v Johnson, 127 AD2d 1003; People v Asch, 107 AD2d 941).

Cardona, P. J., Mercure, Crew III, Casey and Carpinello, JJ., concur. Ordered that the judgment is affirmed.