■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK YUSUF, Also Known as YUSUF M. ASHFORD, Appellant. [918 NYS2d 76]—

The motion and trial courts properly denied defendant's initial and renewed motions to suppress physical evidence. There was no need for an evidentiary hearing on any of the issues defendant raised. Suppression "hearings are not automatic or generally available for the asking" (*People v Mendoza*, 82 NY2d 415, 422 [1993]). Instead, a hearing is required only when "the defendant raise[s] a factual dispute on a material point which must be resolved before the court can decide the legal issue of whether evidence was obtained in a constitutionally permissible manner" (*People v Burton*, 6 NY3d 584, 587 [2006] [internal quotation marks and citation omitted]).

The police entered defendant's apartment to execute a search warrant. The apartment contained drugs and packaging material in open view. At the police station, the officers recovered additional drugs from defendant's person.

In addition to authorizing the search of the apartment, the

warrant described four unnamed men and authorized a search of their persons. In his initial and subsequent suppression motions, defendant never disputed the existence of probable cause for the issuance of the warrant. Instead, he claimed his description was excessively general. However, the issue of specificity could be determined from the face of the warrant and the parties' submissions. Furthermore, defendant never raised a factual issue as to whether he fit one of the descriptions. Accordingly, the degree of specificity of the description was not a matter requiring the taking of testimony. In any event, the description was sufficiently specific to permit the police to "reasonably ascertain and identify" (*People v Nieves*, 36 NY2d 396, 401 [1975]) the persons to be searched.

Defendant also claims he was entitled to a hearing because of an alleged factual dispute over the timing and location of his arrest and the recovery of drugs from his person. While the People gave conflicting information on these matters at different stages of the proceedings, they satisfactorily explained the discrepancy. Again, there was no material factual issue to require an evidentiary hearing.

Finally, defendant also claims he was entitled to a hearing on the issue of whether he was subjected to an unauthorized body cavity search. Defendant was in a position to include this claim in his initial motion, but he failed to do so. Therefore, he was not entitled to raise it in a renewal motion (*see* CPL 710.40 [4]). In any event, defendant never raised a genuine factual issue requiring a hearing. Defendant did not sufficiently controvert the People's detailed showing that the police recovered the drugs from his clothing.

The sentencing court properly adjudicated defendant a second felony drug offender whose prior felony conviction was a violent felony under Penal Law § 70.70 (4) and CPL 400.21. The court properly concluded (22 Misc 3d 1127[A], 2009 NY Slip Op 50311[U], *2-8 [2009]), that a defendant may qualify as this particular type of predicate felon on the basis of a foreign conviction. It also properly concluded (2009 NY Slip Op 50311[U], *8-10), after examining the accusatory instrument, that defendant's North Carolina robbery conviction was equivalent to a New York violent felony. Concur—Saxe, J.P., Sweeny, Catterson, Freedman and Román, JJ.