[970 NE2d 422, 947 NYS2d 399]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK YUSUF, Also Known as YUSUF M. ASHFORD, Appellant.

Argued May 3, 2012; decided May 31, 2012

**POINTS OF COUNSEL**

*Center for Appellate Litigation*, New York City (*Mark W. Zeno* and *Robert S. Dean* of counsel), for appellant. I. The court improperly sentenced appellant as a second felony drug offender whose prior felony conviction was a violent felony offense because (a) the out-of-state North Carolina predicate was broader in scope than any New York State felony, and (b) the prior violent felony was an out-of-state conviction, and Penal Law § 70.02, incorporated by reference by Penal Law § 70.70 (1) (c), limits enhanced sentencing to only those defendants that have been previously convicted of a prior New York violent felony. (*People v Concepcion*, 17 NY3d 192; *People v Gonzalez*, 61 NY2d 586; *People v Muniz*, 74 NY2d 464; *People v LaFontaine*, 92 NY2d 470; *People v Smith*, 79 NY2d 309; *People v Fata*, 184 AD2d 206; *People v Quinn*, 186 AD2d 691; *Matter of Robert C.*, 67 AD3d 790; *Matter of Niazia F.*, 40 AD3d 292; *People v Holder*, 5 Misc 3d 1029[A], 2004 NY Slip Op 51614[U].) II. It was error to deny appellant's motion to suppress the physical evidence seized following the execution of a search warrant, without a hearing, because (a) appellant could not challenge the People's contention that the warrant justified his search and arrest since he was forbidden access to it, and (b) appellant timely moved to renew that motion upon receipt of the search warrant and as additional facts became available. (*People v Mendoza*, 82 NY2d 415; *People v Gruden*, 42 NY2d 214; *People v Burton*, 6 NY3d 584; *People v Bryant*, 8 NY3d 530; *People v Hightower*, 85 NY2d 988; *People v Mothersell*, 14 NY3d 358; *Ybarra v Illinois*, 444 US 85; *People v Dodt*, 61 NY2d 408; *People v Mabeus*, 47 AD3d 1073; *People v Clark*, 88 NY2d 552.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Nicole Coviello* and *Eleanor J. Ostrow* of counsel), for respondent. I. The court properly adjudicated defendant a second felony drug offender previously convicted of a violent felony offense. (*People v Austin*, 161 AD2d 275; *Carney v Philippone*, 1 NY3d 333;

*Consedine v Portville Cent. School Dist.*, 12 NY3d 286; *Matter of Albano v Kirby*, 36 NY2d 526; *People v Morse*, 62 NY2d 205; *People v Kisina*, 14 NY3d 153; *Matter of Caraballo v Community School Bd. Dist. 3*, 49 NY2d 488; *People v Mills*, 11 NY3d 527; *United States v Ron Pair Enterprises, Inc.*, 489 US 235; *Riley v County of Broome*, 95 NY2d 455.) II. The court properly denied defendant's motion to suppress physical evidence without a hearing. Moreover, defendant's attempts to renew that motion were properly rejected. (*People v Mendoza*, 82 NY2d 415; *People v Gruden*, 42 NY2d 214; *People v Jones*, 95 NY2d 721; *People v France*, 12 NY3d 790; *People v Lopez*, 5 NY3d 753; *People v Hightower*, 85 NY2d 988; *People v Mattocks*, 12 NY3d 326; *People v Landy*, 59 NY2d 369; *People v Lawrence*, 64 NY2d 200; *People v Clark*, 88 NY2d 552.)

**OPINION OF THE COURT**

READ, J.

On January 10, 2008, the police executed a no-knock search warrant at an apartment where defendant Malik Yusuf resided, leading to his arrest and subsequent conviction after a jury trial of three drug crimes—a class B felony, a class C felony and a class A misdemeanor. Prior to sentencing, the People filed two statements of predicate felony conviction. The first, filed on December 17, 2008, the day after defendant's conviction, alleged that he had been convicted in the State of North Carolina of the offense of "Robbery with [a] Dangerous Weapon," which made him a second felony drug offender whose prior felony conviction was a violent felony offense (*see* CPL 400.21; Penal Law § 70.70 [1] [c]; [4]). The second, filed on January 20, 2009, alleged that defendant had been convicted in the State of North Carolina of the crime of "Possession with Intent to Sell and Deliver a Controlled Substance," making him a second felony drug offender (*see* CPL 400.21; Penal Law § 70.70 [1] [b]; [3]).

Defendant sought an order declaring that neither statement created a basis for Supreme Court to determine that he was subject to an enhanced sentence as a second felony drug offender. With respect to the first statement of predicate felony conviction, he argued that Penal Law § 70.70 (4) does not authorize an enhanced sentencing range for a felony drug offender whose alleged prior violent felony conviction occurred in a foreign jurisdiction—i.e., outside New York. After analysis of the relevant statutory provisions, considered as a whole and in light of the policy purposes to be served by the Drug Law Reform Act of 2004 (the DLRA), the judge held otherwise in a

decision dated February 26, 2009 (22 Misc 3d 1127[A], 2009 NY Slip Op 50311[U], *8 [2009]).

Supreme Court then ruled that the North Carolina robbery statute is broader on its face than any New York felony. As a result, it would be possible for someone to be convicted of the North Carolina crime without having engaged in conduct that would constitute a robbery in New York. The judge concluded, however, that defendant's North Carolina conviction for robbery with a dangerous weapon, *"as clarified by the Indictment,* . . . [was] equivalent to Robbery in the First Degree as well as Robbery in the Second and Third Degrees under New York law" (2009 NY Slip Op 50311[U], *10 [emphasis added]). Given this disposition, he did not address the second statement of predicate felony conviction filed by the People.

Consistent with this decision, Supreme Court on March 3, 2009 adjudicated defendant a second felony drug offender previously convicted of a violent felony (*see* CPL 400.21 [7] [c]; Penal Law § 70.70 [4]). The judge sentenced defendant on his class B felony conviction to a determinate prison term of six years, followed by 1½ years of postrelease supervision, to run concurrently with the sentences imposed on him for the two lesser drug crimes of which he was convicted (*see* Penal Law § 70.70 [4] [b] [i]). On defendant's appeal, the Appellate Division affirmed (82 AD3d 424 [1st Dept 2011]). A Judge of this Court subsequently granted defendant leave to appeal (17 NY3d 810 [2011]).

I.

██ Penal Law § 70.70 (1) (b) defines a "[s]econd felony drug offender" as a person convicted of a non-class A felony who is a "second felony offender" as that term is defined in Penal Law § 70.06 (1). That provision, as relevant here, defines a "second felony offender" as someone who has previously been convicted of a felony in New York, or somewhere else if the foreign offense is equivalent to a felony in New York (*see* Penal Law § 70.06 [1] [b] [i] [stating that "(f)or the purpose of determining whether a prior conviction is a predicate felony conviction . . . (t)he conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state irrespective of whether such sentence was imposed"]). Penal Law § 70.70 (1) (c) defines a "[v]iolent felony" for sentencing purposes as having "the same

meaning as that term is defined in" Penal Law § 70.02 (1), which lists New York felony offenses by class. Section 70.70 then sets out the enhanced sentencing range for those second felony drug offenders previously convicted of a non-violent felony (Penal Law § 70.70 [3]); and a harsher sentencing range for those second felony drug offenders previously convicted of a violent felony (Penal Law § 70.70 [4]).

Defendant argues that because Penal Law § 70.70 (1) (c) cross-references Penal Law § 70.02, a provision that enumerates *only* New York crimes, an out-of-state felony can never qualify as a violent felony for purposes of enhanced sentencing under Penal Law § 70.70 (4). We do not agree. As an initial matter, the statute's "plain meaning" does not support defendant's position, as he argues. Penal Law § 70.70 (4) applies to "a *second felony drug offender* whose prior felony conviction was a violent felony" (Penal Law § 70.70 [4] [b] [emphasis added]). As noted earlier, Penal Law § 70.70 (1) (b) cross-references Penal Law § 70.06 (1) when defining a "[s]econd felony drug offender," and this provision, unlike section 70.02, encompasses out-of-state felonies.

Importantly, Penal Law § 70.70 (4) also cross-references CPL 400.21. And section 400.21 mandates the use of out-of-state felony convictions when adjudicating a defendant a second felony drug offender previously convicted of a violent felony. Specifically, section 400.21 in three separate places instructs the prosecutor or the sentencing court to determine whether a defendant has been convicted of a qualifying foreign crime (*see* CPL 400.21 [2] [requiring a statement of predicate felony conviction to specify "whether the predicate felony conviction was a violent felony as that term is defined in (Penal Law § 70.02 [1]), or in any other jurisdiction of an offense which includes all of the essential elements of any such felony for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state regardless of whether such sentence was imposed"]; CPL 400.21 [4] [in a case where there is no further hearing after a preliminary examination, requiring the sentencing court to make a finding as to whether the defendant was previously convicted of a violent felony in New York or any other jurisdiction]; CPL 400.21 [7] [c] [in a case where there is a hearing, requiring the sentencing court to make a finding as to whether the defendant was subject to a predicate felony conviction, including a finding as to whether the predicate felony conviction was for a violent felony in New York or any other jurisdiction]).

When enacting the DLRA, the Legislature created Penal Law § 70.70 to mandate enhanced sentences for second felony drug offenders, and amended CPL 400.21 in the ways described above so as to supply procedures for sentencing defendants subject to this new Penal Law provision (*see* L 2004, ch 738, §§ 18, 36). Considering section 70.70 (4) in light of Penal Law § 70.06 (1) and CPL 400.21 (2), (4) and (7) (c), we conclude that the Legislature meant for prosecutors and sentencing courts to take foreign violent felony convictions into account when determining a defendant's sentencing status, notwithstanding the ambiguity created by the reference in section 70.70 (1) (c) to Penal Law § 70.02. This is, in our view, the more sensible and integrated reading of the interrelated statutory text.

Our interpretation also comports more closely with the policy underlying the DLRA than does defendant's approach. As Supreme Court pointed out, while the DLRA's "general purpose . . . was to reduce sentences for drug offenders, the Act also modestly increased minimum sentences for some drug offenders with prior violent felony convictions. In this regard, the Act clearly distinguish[ed] 'non-violent' drug offenders from offenders with a violent felony history" (2009 NY Slip Op 50311[U], *7). Yet, defendant's construction of Penal Law § 70.70 "would have the DLRA apply . . . increased sentences for drug offenders with prior non-violent [foreign] felony convictions . . . , but, incongruously," not to offenders with prior violent foreign felony convictions (*id.*). Defendant suggests that the Legislature may have excluded foreign violent felony convictions from the ambit of section 70.70 so as "to simplify the ofttimes complicated process of determining whether a foreign conviction qualifies as a New York violent felony." But figuring out whether a foreign conviction qualifies as a *non-violent* New York felony entails an arguably equally "complicated process" in many cases.

Finally, our view of section 70.70 (4) is consistent with the Legislature's general sentencing design for recidivist offenders; specifically, article 70 is replete with provisions directing the use of foreign convictions as predicate offenses for purposes of enhancing sentences (*see* Penal Law § 70.04 [1] [b] [i] [second violent felony offender]; § 70.06 [1] [b] [i] [second felony offender]; § 70.07 [3] [second child sexual assault felony offender]; § 70.08 [1] [b] [persistent violent felony offender]; § 70.10 [1] [b] [persistent felony offender]; § 70.70 [1] [b]; § 70.71 [1] [b] [second felony drug offender]; § 70.80 [1] [c] [predicate felony sex offender]). As Supreme Court observed, to construe Penal

Law § 70.70 in the manner advanced by defendant, "one would have to believe that among all of the Penal Law provisions where a particular class of foreign convictions 'counts' in raising an offender's sentence," the Legislature without explanation and for no apparent reason singled out second felony drug offenders with prior out-of-state violent felony convictions "for more lenient treatment" (2009 NY Slip Op 50311[U], \*8).

## II.

■ An out-of-state felony conviction qualifies as a predicate felony under New York's sentencing statutes only if it is for a crime "whose elements are equivalent to those of a New York felony" (*People v Gonzalez*, 61 NY2d 586, 589 [1984]). "As a general rule, [the court's] inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (*People v Muniz*, 74 NY2d 464, 467-468 [1989], citing *People v Olah*, 300 NY 96, 98 [1949]). When a statute-to-statute comparison reveals differences in the elements such that it is possible to violate the foreign statute without engaging in conduct that is a felony in New York, the foreign statute may not serve as a predicate (*see Muniz*, 74 NY2d at 469-470).

And this is not a case where,

> "[a]s an exception to the *Olah* rule . . . a sentencing court [may] go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction [because] the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors" (*Gonzalez*, 61 NY2d at 590).

Indeed, we have remarked that where there are differences in the intent elements of the New York and out-of-state crimes, the trial court may not consider the recitals in the accusatory instrument underlying the foreign conviction when resolving a defendant's status as a predicate felon (*Muniz*, 74 NY2d at 469-470; *see also Somerville v Conway*, 281 F Supp 2d 515, 522 [ED NY 2003] ["Where the difference between the definition of the foreign crime and the New York crime turns on 'a particular aggravating circumstance' such as intent, recourse to the indictment is improper because the aggravating circumstance was not relevant to the defendant's guilt or innocence of the foreign crime" (citing *Muniz*)]). Here, Supreme Court examined the

indictment underlying defendant's robbery conviction in North Carolina so as to ascertain whether his intent, as a factual matter, satisfied New York's intent element for robbery. This was impermissible.

Next, CPL 470.15 (1) bars the Appellate Division "from affirming a judgment, sentence or order on a ground not decided *adversely* to the appellant by the trial court, and CPL 470.35 (1) grants us no broader review powers in this regard" (*People v Concepcion*, 17 NY3d 192, 195 [2011] [discussing *People v LaFontaine* (92 NY2d 470 [1998])]). As a result, we may not review Supreme Court's determination, which favored defendant, that the North Carolina robbery statute is broader than any New York felony. Finally, we have examined defendant's claims of error relating to Supreme Court's suppression rulings and consider them to be without merit.

Accordingly, the order of the Appellate Division should be modified by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order modified, etc.