People v Gozdziak (2022 NY Slip Op 07377)

People v Gozdziak

2022 NY Slip Op 07377

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

890 KA 22-00667

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWAINE GOZDZIAK, DEFENDANT-APPELLANT. 

PAUL G. DELL, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.), rendered July 22, 2021. The judgment convicted defendant, upon a plea of guilty, of attempted rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [4]), defendant contends that County Court erred in sentencing him as a second child sexual assault felony offender (see Penal Law
§ 70.07). Preliminarily, inasmuch as the error alleged by defendant " 'affects the legality of his sentence, the issue is reviewable irrespective of the validity of the waiver of his right to appeal' " (People v Cruz-Ocasio, 208 AD3d 1059, 1060 [4th Dept 2022]; see People v Grubert, 160 AD3d 981, 982 [2d Dept 2018], lv denied 32 NY3d 902 [2018]; see generally People v Seaberg, 74 NY2d 1, 9 [1989]). On the merits, we agree with defendant.
"A person who stands convicted of a felony offense for a sexual assault against a child, having been subjected to a predicate felony conviction for a sexual assault against a child, must be sentenced" as a second child sexual assault felony offender in accordance with the applicable statutory provision setting an enhanced sentencing range (Penal Law § 70.07 [1]; see People v Wragg, 26 NY3d 403, 413-414 [2015]). The statute provides, with an exception not relevant here, that "[a] 'sexual assault against a child' means a felony offense . . . (a) the essential elements of which include the commission or attempted commission of sexual conduct, as defined in [Penal Law
§ 130.00 (10)], [and] (b) committed or attempted to be committed against a child less than [15] years old" (§ 70.07 [2]). Importantly, "[f]or purposes of determining whether a person has been subjected to a predicate felony conviction under this section, the criteria set forth in [Penal Law § 70.06 (1) (b)] shall apply," except that the look-back period is longer under the second child sexual assault felony offender statute (§ 70.07 [3]). Consequently, as relevant here, a defendant has a qualifying predicate felony conviction for purposes of the second child sexual assault felony offender statute if three conditions are met: (1) the prior conviction was a felony in New York or an out-of-state offense "for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in [New York] irrespective of whether such sentence was imposed" (§ 70.06 [1] [b] [i]; see § 70.07 [2], [3]); (2) the prior felony or felony-equivalent offense had essential elements that included the commission or attempted commission of sexual conduct as defined in Penal Law § 130.00 (10) (see § 70.07 [2] [a]); and (3) the prior felony or felony-equivalent offense was committed or attempted against a child less than 15 years old (see § 70.07 [2] [b]).
With respect to the first condition, "[a]n out-of-state felony conviction qualifies as a predicate felony under New York's sentencing statutes only if it is for a crime 'whose elements [*2]are equivalent to those of a New York felony' " (People v Yusuf, 19 NY3d 314, 321 [2012], quoting People v Gonzalez, 61 NY2d 586, 589 [1984]). "To determine whether a foreign crime is equivalent to a New York felony[,] the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for '[i]t is the statute upon which the indictment was drawn that necessarily defines and measures the crime' " (Gonzalez, 61 NY2d at 589). In other words, the court must " 'appl[y] a strict equivalency standard that examines the elements of the foreign conviction to determine whether the crime corresponds to a New York felony, usually without reference to the facts giving rise to that conviction' " (People v Helms, 30 NY3d 259, 263 [2017]). Thus, "[a]s a general rule, [the court's] inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (People v Muniz, 74 NY2d 464, 467-468 [1989]; see Yusuf, 19 NY3d at 321; People v Olah, 300 NY 96, 98 [1949]). "In this regard, courts generally should consider only the statutes defining the relevant crimes, and may not consider the allegations contained in the accusatory instrument underlying the foreign conviction" (People v Jurgins, 26 NY3d 607, 613 [2015]; see Muniz, 74 NY2d at 467-468). "When a statute-to-statute comparison reveals differences in the elements such that it is possible to violate the foreign statute without engaging in conduct that is a felony in New York, the foreign statute may not serve as a predicate" (Yusuf, 19 NY3d at 321). Nonetheless, under an exception to the general rule, a court may "go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction where the [foreign] statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors" (Gonzalez, 61 NY2d at 590; see Yusuf, 19 NY3d at 321; Muniz, 74 NY2d at 468). The People bear the "burden of establishing that [the] defendant was convicted of an offense in a foreign jurisdiction that is equivalent to a felony in New York" (People v Yancy, 86 NY2d 239, 247 [1995]; see Jurgins, 26 NY3d at 613).
Here, it is uncontroverted that defendant stands convicted of a felony offense for sexual assault against a child (see Penal Law
§ 70.07 [1], [2]) because the class C felony of attempted rape in the first degree (§§ 110.00, 130.35 [4]; see § 110.05 [4]) includes as an essential element the attempted commission of sexual conduct in the form of sexual intercourse (see § 130.00 [10]; § 70.07 [2] [a]) and he attempted to commit such conduct against a child less than 15 years old (see § 70.07 [2] [b]). It is also uncontroverted that defendant committed the subject prior out-of-state offense of lewd or lascivious battery in violation of Florida Statutes former § 800.04 (4) (a) against a child less than 15 years old (see Penal Law § 70.07 [2] [b]) when he was 18 years old or older (see § 70.07 [3]). The only contested issue below and on appeal is whether the prior out-of-state conviction meets that part of the definition of "a predicate felony conviction for a sexual assault against a child" (§ 70.07 [1]) requiring that the conviction be for "a felony offense . . . the essential elements of which include the commission or attempted commission of sexual conduct" as defined in Penal Law § 130.00 (10)
(§ 70.07 [2] [a]).
We conclude that "the People failed to satisfy their burden of establishing that defendant was convicted of an offense in a foreign jurisdiction that is equivalent to a felony in New York" (Yancy, 86 NY2d at 247). Florida Statutes former § 800.04 (4) (a) provides that a person who "[e]ngages in sexual activity with a person 12 years of age or older but less than 16 years of age" commits lewd or lascivious battery. The term "sexual activity" is defined as "the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object," except for "an act done for a bona fide medical purpose" (Fla Stat former § 800.04 [1] [a]). The People failed below, and have now failed on appeal, to identify any "analogous Penal Law felony" (Gonzalez, 61 NY2d at 589) that corresponds with Florida Statutes former § 800.04 (4) (a) " 'without reference to the facts giving rise to that conviction' " (Helms, 30 NY3d at 263). The People's failure in that regard stems from the fact that the closest New York analog to lewd or lascivious battery (Fla Stat former § 800.04 [4] [a]) appears to be the crime of sexual misconduct, which is a misdemeanor (Penal Law § 130.20). In New York, "[a] person is guilty of sexual misconduct when," as relevant here, that person "engages in sexual intercourse" or "engages in oral sexual conduct or anal sexual conduct" with another person "without such person's consent" (§ 130.20 [1], [2]), and lack of consent may arise from incapacity to consent due to such other person being less than 17 years old (see § 130.05 [2] [b]; [3] [a]; see generally William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Penal Law § 130.00). " 'Sexual intercourse' has its ordinary [*3]meaning and occurs upon any penetration, however slight"; " '[o]ral sexual conduct' means conduct between persons consisting of contact between the mouth and the penis, the mouth and the anus, or the mouth and the vulva or vagina"; and " '[a]nal sexual conduct' means conduct between persons consisting of contact between the penis and anus" (§ 130.00 [1], [2]). Thus, a comparison between the Florida Statutes and the New York Penal Law provisions reveals that "it is possible to violate the foreign statute without engaging in conduct that is a felony in New York" (Yusuf, 19 NY3d at 321). For example, a male who engaged in vaginal penetration of a 15-year-old female with his penis would be guilty of lewd or lascivious battery in Florida (see Fla Stat former § 800.04 [1] [a]; [4] [a]), but a male who engaged in the same conduct—i.e., sexual intercourse with a 15-year-old female—could be guilty of sexual misconduct, a misdemeanor, in New York (see Penal Law §§ 130.00 [1]; 130.05 [2] [b]; [3] [a]; 130.20 [1]).
To the extent that the court and the People could be said to have concluded that, under the general strict equivalency standard without reference to the underlying facts, the class D felony of rape in the second degree (Penal Law § 130.30) is the analogous New York felony to the crime of lewd or lascivious battery in Florida (Fla Stat former § 800.04 [4] [a]), a review of the statutes belies that conclusion (see generally Gonzalez, 61 NY2d at 589). As conceivably relevant here, "[a] person is guilty of rape in the second degree when . . . being [18] years old or more, he or she engages in sexual intercourse with another person less than [15] years old" (Penal Law § 130.30 [1]). It is evident from a review of the relevant statutory elements that the felony of rape in the second degree in New York is far narrower than the crime of lewd or lascivious battery in Florida (Fla Stat former § 800.04 [4] [a]). Indeed, a conviction under Penal Law
§ 130.30 (1) requires proof that the defendant was 18 years old or more (the Florida statute does not set a minimum age of the offender), that the victim was less than 15 years old (the victim could be as old as 16 years old under the Florida statute), and that the defendant engaged in sexual intercourse with the victim (the Florida statute encompasses more conduct). Consequently, "a statute-to-statute comparison reveals differences in the elements such that it is possible to violate the foreign statute without engaging in conduct that is a felony in New York" as defined by Penal Law § 130.30 (1) (Yusuf, 19 NY3d at 321).
Significantly, the only way in which the court and the People arrive at the conclusion that defendant's conviction of lewd or lascivious battery in Florida (Fla Stat former § 800.04 [4] [a]) constitutes the equivalent of the class D felony of rape in the second degree in New York (Penal Law § 130.30 [1]) is by resorting to the allegations contained in the accusatory instrument and the facts underlying the Florida conviction. Stated differently, although not revealed by the lewd or lascivious battery statute itself (Fla Stat former § 800.04 [4] [a]), the court and the People rely on the facts and accusatory instrument of the underlying Florida conviction in order to match the elements of rape in the second degree (Penal Law
§ 130.30 [1]) by establishing that defendant was 19 years old when he engaged in sexual intercourse with a 13-year-old female in Florida.
We agree with defendant that consideration of the facts and circumstances of the underlying Florida conviction is impermissible in this case (see Jurgins, 26 NY3d at 614-615; Yusuf, 19 NY3d at 321-322; Muniz, 74 NY2d at 470-471). "[U]nder a narrow exception to the [general] rule, the underlying allegations must be considered when 'the foreign statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors [or no crime] if committed in New York' " (Jurgins, 26 NY3d at 613, quoting Muniz, 74 NY2d at 468). "In those circumstances, the allegations will be considered in an effort to 'isolate and identify' the crime of which the defendant was accused, by establishing 'which of those discrete, mutually exclusive acts formed the basis of the charged crime' " (id., quoting Muniz, 74 NY2d at 468-469).
The exception does not apply here. "[T]his is not a case where . . . 'a sentencing court [may] go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction' " on the basis that " 'the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors [or no crime]' " (Yusuf, 19 NY3d at 321, quoting Gonzalez, 61 NY2d at 590; see Jurgins, 26 NY3d at 614-615). Instead, the acts criminalized by Florida pursuant to the lewd or lascivious battery statute under which defendant was convicted (Fla Stat former § 800.04 [4] [a]) would constitute the misdemeanor of sexual misconduct if committed in New York (Penal Law [*4]§ 130.20). In support of its assertion that the exception applies, the People have failed to identify any of the several acts rendered criminal in the Florida statute that would, if committed in New York, constitute felonies in some cases. Rather, the details that the People seek to add in order to equate defendant's prior conviction with rape in the second degree (§ 130.30 [1])—i.e., the age of defendant, the precise age of the victim being less than 15 years old, and the exact sexual conduct engaged in—constitute mere surplusage under the Florida statute (see People v Walls, 277 AD2d 959, 959-960 [4th Dept 2000], lv denied 96 NY2d 808 [2001]; see generally Muniz, 74 NY2d at 468). In other words, the People have failed to offer any valid reason for applying the exception and, instead, are simply attempting to impermissibly extend or enlarge the Florida crime by allegations in the accusatory instrument and the underlying facts (see Gonzalez, 61 NY2d at 589).
In sum, we conclude that "[b]ecause the [Florida] statute, itself, indicates that a person can be convicted of the [Florida] crime without committing an act that would qualify as a felony in New York (i.e., by [instead committing the misdemeanor of sexual misconduct]), defendant's [Florida] conviction for [lewd or lascivious battery] was not a proper basis for a predicate felony offender adjudication" (Jurgins, 26 NY3d at 615). The court thus erred in sentencing defendant as a second child sexual assault felony offender because the People failed to meet their burden of establishing the first condition required to conclude that defendant had been "subjected to a predicate felony conviction for sexual assault against a child" (Penal Law § 70.07 [1]), i.e., that defendant's prior conviction constituted a predicate "felony offense" pursuant to the criteria set forth in Penal Law § 70.06 (1) (b) (§ 70.07 [2] [emphasis added]; see § 70.07 [3]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing (see generally People v Ramos, 19 NY3d 417, 421 [2012]). In light of our determination, we do not consider defendant's remaining contention.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court