People v Caraballo (2023 NY Slip Op 01027)

People v Caraballo

2023 NY Slip Op 01027

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

111721
[*1]The People of the State of New York, Respondent,
v
Jazmany Caraballo, Appellant.

Calendar Date:January 11, 2023 

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and McShan, JJ. 

Lipsitz Green Scime Cambria LLP, Buffalo (Erin McCampbell Paris of counsel), for appellant.
Joseph G. Fazzary, District Attorney, Watkins Glen (Sophie J. Marmor of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Schuyler County (Dennis J. Morris, J.), rendered February 28, 2019, convicting defendant upon his plea of guilty of the crimes of attempted assault in the second degree, criminal mischief in the third degree and criminal possession of a controlled substance in the third degree.
As also set out in this Court's related decision in People v Caraballo (___ AD3d ___ [3d Dept 2023] [decided herewith]), in September 2018, defendant pleaded guilty to attempted assault in the second degree, criminal mischief in the third degree and criminal possession of a controlled substance in the third degree as charged by two separate indictments and a superior court information, as to which defendant waived indictment. As part of this plea, defendant was promised concurrent prison terms of two years to be followed by three years of postrelease supervision for his conviction of criminal possession of a controlled substance in the third degree, 2 to 4 years for his conviction of attempted assault in the second degree and a one year concurrent jail sentence for his conviction of criminal mischief in the third degree. Defendant was then provided Outley warnings and specifically instructed that if he failed to appear at sentencing County Court would be permitted to impose any legally permissible sentence, and the matter was adjourned for sentencing. The record indicates that defendant, who had been seen in the parking lot and fled, failed to appear at sentencing and a bench warrant was issued.[FN1] Following replacement of counsel and a further three-week adjournment, requested by defendant, to allow for the preparation of a psychological evaluation, defendant appeared for sentencing at which time County Court indicated that it was no longer bound by the promised sentence and set aside defendant's waiver of the right to appeal. The court sentenced defendant, as a second felony offender, to a prison term of seven years to be followed by three years of postrelease supervision for his conviction of criminal possession of a controlled substance in the third degree to be served concurrently with two separate consecutive prison terms of 2 to 4 years for his remaining convictions. Defendant appeals.
We are unpersuaded by defendant's contention that imposition of the enhanced sentence violated his due process rights. Significantly, defendant does not dispute that he violated the warnings given to him by County Court after entering his plea inasmuch as he failed to appear for sentencing and was arrested after pleading guilty. Defendant does, however, argue that his violation was not willful based upon his mental state at the time. Contrary to defendant's assertions, "[t]he court was not required to conduct an evidentiary hearing to determine the veracity of defendant's excuses" (People v Albergotti, 17 NY3d 748, 750 [2011]; see People v Mitchell, 112 AD3d 992, 994 [3d Dept 2013], lv denied 23 NY3d 1022 [2014]). Indeed, at sentencing, defense [*2]counsel submitted to the court, among other things, a lengthy psychological report and a detailed list of defendant's medications. Additionally, defense counsel addressed the court and read a statement prepared by defendant claiming that the violation was not willful because of defendant's mental state. Thus, we find that the court "conducted a sufficient inquiry to satisfy [the] standard" set forth in People v Outley (People v Albergotti, 17 NY3d at 750; see People v Outley, 80 NY2d 702, 712-713 [1993]). Given that the court imposed the enhanced sentence, it is clear that it rejected defendant's assertion that his conduct was not willful; that rejection of his version is not a ground for reversal (see People v Albergotti, 17 NY3d at 750).
As to defendant's status as a second felony offender, initially, we find that defendant did not adequately preserve his contention that the People failed to submit competent proof of a prior out-of-state felony conviction inasmuch as the certificate of conviction did not comply with CPLR 4540 (c) because he failed to object on this ground in County Court (compare People v Ricks, 71 AD3d 1444, 1444 [4th Dept 2010]). Defendant also argues that the out-of-state conviction which forms the basis of his predicate conviction does not meet the requirements of a felony under New York law. "For purposes of sentencing, a prior out-of-[s]tate conviction is a predicate felony conviction in New York when the foreign conviction carries with it a sentence of imprisonment in excess of one year and a sentence in excess of one year is also authorized for the offense in this State" (People v Gonzalez, 61 NY2d 586, 589 [1984], citing Penal Law § 70.06 [1] [b] [i]; see People v Parker, 121 AD3d 1190, 1190-1191 [3d Dept 2014]). "Because New York only permits terms of imprisonment in excess of one year for felony convictions, the statute requires that the conviction be for a crime whose elements are equivalent to those of a New York felony. To determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony" (People v Gonzalez, 61 NY2d at 589; see People v Gibson, 141 AD3d 1009, 1012-1013 [3d Dept 2016]).
Defendant was previously convicted in Massachusetts of armed robbery and sentenced to a three-year term of imprisonment. Pursuant to Massachusetts law, a person can be convicted of armed robbery when he or she, armed with a dangerous instrument, assaults another person and robs, steals or takes from said person money or other property (Mass Gen Laws ch 265, § 17). An equivalent offense under New York law is robbery in the third degree, a class D felony, which occurs when a person "forcibly steals property" (Penal Law § 160.05). For purposes of this statute, one way a person can forcibly steal property and commit robbery is "when, in the course of committing a larceny, he [or she] uses . . . physical force upon another person [*3]for the purpose of . . . [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]). Thus, because the crime of armed robbery pursuant to Massachusetts law is equivalent to at least a class D felony under New York law, we find that County Court properly considered the Massachusetts conviction as a basis for sentencing defendant as a second felony offender (see People v Green, 141 AD3d 1036, 1041-1042 [3d Dept 2016], lv denied 28 NY3d 1072 [2016]; People v Wicks, 232 AD2d 680, 681 [3d Dept 1996]; People v Moore, 213 AD2d 242, 242 [1st Dept 1995], lv denied 85 NY2d 977 [1995]).[FN2] Finally, we have carefully considered defendant's request to reduce his sentence in the interest of justice; however, we are unpersuaded that the sentence is unduly harsh or severe and decline his invitation to modify it (see People v Maddox, 208 AD3d 1535, 1536 [3d Dept 2022], lv denied 39 NY3d 963 [2022]; People v Barkley, 208 AD3d 1512, 1513 [3d Dept 2022]).
Clark, J.P., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: As a result of these actions defendant was charged with multiple crimes and subsequently pleaded guilty to reckless endangerment in the first degree, which he challenges as part of the aforementioned related appeal (People v Caraballo, ___ AD3d at ___).

Footnote 2: Although, to be convicted of armed robbery pursuant to the Massachusetts statute, the perpetrator must be armed with a dangerous instrument (see Mass Gen Laws ch 265, § 17), which is not an element of robbery in the third degree (see Penal Law § 160.00 [1]), the crimes are still "sufficiently analogous" inasmuch as a person committing a robbery with the use of a dangerous instrument in New York would have committed, at the very least, the crime of robbery in the third degree (People v Parker, 121 AD3d at 1191; see Penal Law § 160.00 [1]; People v Green, 141 AD3d at 1041-1042).