People v Drayton (2023 NY Slip Op 06283)

People v Drayton

2023 NY Slip Op 06283

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

113104 113105 113700 CR-22-2001
[*1]The People of the State of New York, Respondent,
v
Frank Drayton, Appellant.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Sandra M. Colatosti, Albany, for appellant.
Brian P. Conaty, Acting District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Powers, J.
Appeals (1) from a judgment of the Supreme Court (Stephan G. Schick, J.), rendered June 3, 2021 in Sullivan County, which resentenced defendant upon his conviction of robbery in the second degree (two counts), conspiracy in the fourth degree (two counts), resisting arrest and criminal possession of stolen property in the fifth degree, and (2) from a judgment of said court, rendered June 3, 2021 in Sullivan County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts), and (3) by permission, from an order and amended order of said court, entered August 31, 2022 and October 26, 2022, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentences, without a hearing.
In 2015, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information (hereinafter SCI) charging him with two counts of criminal sale of a controlled substance in the third degree (189 AD3d 1892 [3d Dept 2020]). Defendant pleaded guilty as charged, and County Court (LaBuda, J.) sentenced defendant, as a second felony offender, to concurrent prison terms of nine years followed by a period of postrelease supervision (id. at 1893).[FN1] Upon appeal, this Court reversed the judgment of conviction, as a matter of discretion in the interest of justice, and remitted the matter to County Court for further proceedings — citing, among other things, County Court's failure to apprise defendant of the privilege against self-incrimination and the court's error in imposing an enhanced sentence (id. at 1893-1895). Following remittal, defendant again waived indictment and pleaded guilty to an SCI charging him with two counts of criminal sale of a controlled substance in the third degree. By judgment rendered June 3, 2021, Supreme Court sentenced defendant — as a second felony offender — to concurrent prison terms of 3½ years followed by two years of postrelease supervision.
In the interim, and following a jury trial, defendant was convicted in 2016 of two counts of robbery in the second degree, two counts of conspiracy in the fourth degree, resisting arrest and criminal possession of stolen property in the fifth degree, and Supreme Court sentenced defendant, as a second felony offender, to concurrent terms of imprisonment (189 AD3d 1888 [3d Dept 2021], lv denied 36 NY3d 1119 [2021]). Upon appeal, this Court, among other things, vacated the sentence imposed and remitted the matter to Supreme Court for resentencing (id. at 1891).[FN2] By judgment rendered June 3, 2021, Supreme Court resentenced defendant as a second felony offender to the terms of imprisonment and period of postrelease supervision previously imposed. The sentence and resentence imposed upon defendant's respective convictions ran concurrently.
In July 2021 and April 2022, defendant and his counsel separately moved to vacate defendant's sentences pursuant to CPL 440.20 upon the ground that the predicate felony relied [*2]upon by the People — defendant's 2010 conviction in North Carolina of felony larceny — did not qualify as an equivalent felony under New York law. By amended order entered October 26, 2022, Supreme Court denied defendant's motion without a hearing, finding that defendant's North Carolina conviction was an appropriate predicate felony for purposes of classifying defendant as a second felony offender.[FN3] Defendant appeals from the judgments of conviction — contending that Supreme Court erred in resentencing him as a second felony offender upon his conviction of, among other crimes, robbery in the second degree, and that his guilty plea to criminal sale of a controlled substance in the third degree was involuntary. Defendant also appeals, by permission, from Supreme Court's amended order denying defendant's motion to vacate his sentences.[FN4]
As to the voluntariness of defendant's plea to the SCI, defendant concedes that, although this claim survives his unchallenged waiver of the right to appeal, it is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Banks, 122 AD3d 953, 953 [3d Dept 2014], lv denied 26 NY3d 925 [2015]; see generally People v Barney, 215 AD3d 1137, 1139 [3d Dept 2023], lv denied 40 NY3d 927 [2023]). The narrow exception to the preservation requirement is inapplicable (see e.g. People v Graham, 214 AD3d 1256, 1257 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v Merritt, 210 AD3d 1209, 1209-1210 [3d Dept 2022]) and, under the particular circumstances presented here, we decline defendant's invitation to take corrective action in the interest of justice (see People v Crampton, 201 AD3d 1020, 1023 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]).
Defendant's challenge to his status as a second felony offender is unpersuasive.[FN5] Preliminarily, to the extent that the respective CPL 440.20 motions neglect to clarify whether defendant is contesting his second felony offender status as to both the sentence imposed under the SCI and resentence imposed under the indictment, the sentencing minutes make clear that the North Carolina conviction served as the predicate felony for "both cases, the SCI and the indictment." Hence, we will consider the propriety of defendant's second felony offender status with respect to all of the underlying convictions.
"[A] prior out-of-state conviction qualifies as a predicate felony conviction if it involved 'an offense for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state' " (People v Jurgins, 26 NY3d 607, 613 [2015], quoting Penal Law § 70.06 [1] [b] [i]; see People v Caraballo, 213 AD3d 1142, 1144 [3d Dept 2023]; People v Gozdziak, 211 AD3d 1603, 1604 [4th Dept 2022]). "To determine whether a foreign crime is equivalent to a New York felony, the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony, for it is the statute upon which the indictment [*3]was drawn that necessarily defines and measures the crime" (People v Gozdziak, 211 AD3d at 1604 [internal quotation marks, brackets and citation omitted]; see People v Jurgins, 26 NY3d at 613). As a general rule, a court's inquiry in this regard is limited "to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (People v Jurgins, 26 NY3d at 613 [internal quotation marks and citation omitted]; see People v Johnson, 187 AD3d 444, 444 [1st Dept 2020], lv denied 36 NY3d 929 [2020]; People v Robinson, 148 AD3d 1639, 1641 [4th Dept 2017]). Although such inquiry usually is made "without reference to the allegations in the foreign accusatory instrument, a court may consult those allegations where the foreign statute renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York, and the recitals identify the crime of which the defendant was accused" (People v Johnson, 187 AD3d at 444 [internal quotation marks, ellipsis and citation omitted]; see People v Jurgins, 26 NY3d at 613; People v Gozdziak, 211 AD3d at 1604-1605).
The record reflects that defendant was convicted of felony larceny in North Carolina under North Carolina General Statutes § 14-72 (a), which provides, in relevant part, that "[l]arceny of goods of the value of more than . . . $1,000 . . . is a [c]lass H felony" (see NC Gen Stat § 14-70). Larceny, in turn, is defined under North Carolina law as "a wrongful taking and carrying away of the personal property of another without his [or her] consent, with intent to deprive the owner of [such] property and to appropriate it to the taker's use fraudulently" (State v Sisk, 285 NC App 637, 641, 878 SE2d 183, 186 [2022] [internal quotation marks, ellipsis and citations omitted]). The taking element is satisfied when the property is in the possession or under the control of the taker, "even if only for an instant" (id. at 641, 878 SE2d at 186 [internal quotation marks and citation omitted]). Similarly, under New York law, "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself [or herself] or to a third person, he [or she] wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]), and a person is guilty of grand larceny in the fourth degree — a class E felony — when the value of the stolen property exceeds $1,000 (Penal Law § 155.30 [1]). "The taking element of a larceny is satisfied where the defendant exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (People v Zombo, 28 AD3d 1233, 1234 [4th Dept 2006] [internal quotation marks and citations omitted], lv denied 7 NY3d 797 [2006]).
Upon reviewing the statutory elements as they are respectively defined in the New York [*4]and North Carolina statutes, we are satisfied that the People met their burden of establishing that the foreign crime is the equivalent of a felony in this state (see generally People v Gozdziak, 211 AD3d at 1605). Although North Carolina General Statutes § 14-72 defines three distinct crimes — felony larceny, felony receiving or possessing stolen goods and misdemeanor larceny — thereby warranting reference to, as relevant here, the judgment of conviction in North Carolina (see e.g. People v Alston, 169 AD3d 1, 5 [1st Dept 2019]), it is clear from the record before us that defendant was convicted of felony larceny in North Carolina. Accordingly, that conviction properly served as a predicate felony for purposes of classifying defendant as a second felony offender. Defendant's remaining arguments have been examined and found to be lacking in merit.
Lynch, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgments and the amended order are affirmed.
ORDERED that the appeal from the order entered August 31, 2022 is dismissed.

Footnotes

Footnote 1: The sentence imposed was at variance with the plea agreement and, although defendant initially was permitted to serve that sentence under parole supervision as part of the Willard drug treatment program, defendant subsequently was convicted of additional offenses (189 AD3d 1888 [3d Dept 2021], lv denied 36 NY3d 1119 [2021]), resulting in defendant serving his sentence as a term of imprisonment (189 AD3d at 1893).

Footnote 2: The basis for the resentencing stemmed from the fact that the People had utilized defendant's 2015 drug conviction as the predicate felony. Once this Court vacated that conviction (189 AD3d at 1895), resentencing upon defendant's 2016 conviction was required (189 AD3d at 1891).

Footnote 3: Supreme Court denied defendant's earlier motion seeking similar relief by order entered August 31, 2022.

Footnote 4: Inasmuch as Supreme Court's October 2022 amended order superseded its August 2022 order denying defendant's motion to vacate his sentences, defendant's appeal from the original order is dismissed (see People v DiTore, 209 AD3d 665, 665 [2d Dept 2022], lv denied 39 NY3d 1110 [2023]).

Footnote 5: Defendant's argument, which implicates the legality of his sentence, survives his unchallenged appeal waiver executed in connection with his plea to the SCI (see People v Lollie, 204 AD3d 1430, 1431 [4th Dept 2022], lv denied 38 NY3d 1134 [2022]) and was raised both at the time of sentencing and in the context of his CPL 440.20 motion; hence, this issue is preserved for our review (compare People v Jurgins, 26 NY3d 607, 611-612 [2015]).