People v Darby (2025 NY Slip Op 01134)

People v Darby

2025 NY Slip Op 01134

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

CR-22-2289
[*1]The People of the State of New York, Respondent,
v
Joe Darby, Appellant.

Calendar Date:January 14, 2025

Before:Aarons, J.P., Pritzker, Lynch, Ceresia and Powers, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Pritzker, J.
Appeal, by permission, from an order of the Supreme Court (Roger McDonough, J.), entered November 17, 2022 in Albany County, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crime of criminal sale of a controlled substance in the third degree and to set aside the sentence, without a hearing.
In 2006, defendant pleaded guilty to three counts of 21 USC § 841 (a) (1) and was sentenced to a federal prison term of 240 months. Pursuant to an executive grant of clemency, defendant's sentence was commuted and ordered to expire in April 2016, and he was placed on 10 years of supervised release. Two years later, defendant was indicted and charged with one count of criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree based upon allegations that he possessed drugs and agreed to sell a quantity of cocaine to a confidential informant. In full satisfaction of that indictment, defendant pleaded guilty to the reduced charge of criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of 7½ years, to be followed by three years of postrelease supervision. Supreme Court sentenced defendant, as a second felony offender, to the agreed-upon term in April 2019, and defendant appealed and moved pro se to vacate the judgment of conviction pursuant to CPL 440.10. Defendant's postconviction motion was denied and, upon defendant's subsequent appeals, this Court affirmed (206 AD3d 1165 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]).
In July 2022, defendant again moved pro se to vacate the judgment of conviction and set aside his sentence contending that he was improperly sentenced as a predicate felony offender and that retained counsel, in turn, was ineffective for failing to detect and correct that error. The People opposed the motion. Supreme Court denied defendant's motion without a hearing, and defendant now appeals, by permission, from the resulting order.
In the context of the portion of his motion pursuant to CPL 440.20 to set aside the sentence, defendant argues that his 2006 federal conviction under 21 USC § 841 (a) (1) (manufacturing, distributing, dispensing or possessing with the intent to manufacture, distribute or dispense a controlled substance) did not constitute a predicate felony within the meaning of Penal Law § 70.06 (1) (b) because, based on a recent holding of the First Department, Penal Law § 220.39 is not an equivalent felony to 21 USC § 841 (a) (1) (see People v Campanioni, 199 AD3d 474, 474 [1st Dept 2021], lv denied 38 NY3d 926 [2022]). "[A] prior out-of-state conviction qualifies as a predicate felony conviction if it involved 'an offense for which a sentence to a term of imprisonment in excess of one year . . . was authorized and is authorized in this state' " (People v Jurgins, 26 NY3d 607, 613 [2015], quoting Penal Law § 70[*2].06 [1] [b] [i]; accord People v Drayton, 222 AD3d 1045, 1048 [3d Dept 2023], lv denied 41 NY3d 1001 [2024]; see People v Caraballo, 213 AD3d 1142, 1144 [3d Dept 2023]). "Because New York only permits terms of imprisonment in excess of one year for felony convictions, the statute requires that the conviction be for a crime whose elements are equivalent to those of a New York felony. To determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony" (People v Caraballo, 213 AD3d at 1144-1145 [internal quotation marks and citations omitted]; see People v Muniz, 74 NY2d 464, 467 [1989]; People v Gozdziak, 211 AD3d 1603, 1604 [3d Dept 2022]).
"As a general rule, this inquiry is limited to a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes[,] [and] [t]he allegations contained in the accusatory instrument underlying the foreign conviction may ordinarily not be considered, because such instruments frequently contain nonessential recitals" (People v Muniz, 74 NY2d at 467-468 [citations omitted]; see People v Drayton, 222 AD3d at 1048; People v Gozdziak, 211 AD3d at 1604). That said, an exception to the general rule exists where the foreign statute "renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York" (People v Muniz, 74 NY2d at 468; see People v Drayton, 222 AD3d at 1048-1049; People v Gozdziak, 211 AD3d at 1604-1605). In such cases, the accusatory recitals may be considered to the extent necessary to "isolate and identify the statutory crime of which the defendant was accused" (People v Muniz, 74 NY2d at 468; see People v Drayton, 222 AD3d at 1048-1049; People v Gozdziak, 211 AD3d at 1604-1605), and it is the People who bear the burden of establishing that the foreign offense is equivalent to a felony in New York (see People v Gozdziak, 211 AD3d at 1605).
Here, at the plea proceeding, the People admitted into evidence a special information charging predicate offenses pursuant to CPL 400.21, which stated that defendant had been convicted of three counts of 21 USC § 841 (a) (1) in 2006 and sentenced to 240 months in prison. Defendant was informed that he had a right to controvert the statement and a right to a hearing to determine whether he was, in fact, a predicate felony offender. Defendant declined to controvert the statement, waived a hearing and was sentenced as a second felony offender.
Turning to the merits, the federal statute under which defendant was previously convicted provides, in relevant part, that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance" (21 USC § 841 [a] [1]). As defendant points out, the federal statute [*3]contains elements not found in certain New York statutes, e.g., manufacturing, and encompasses a mix of felony and misdemeanor offenses (see 21 USC § 841 [a] [1]; [b]). Hence, resort to the facts underlying defendant's federal conviction is warranted in order to ascertain whether defendant's convictions are equivalent to a felony in this state (see People v Muniz, 74 NY2d at 468; People v Drayton, 222 AD3d at 1048-1049; People v Gozdziak, 211 AD3d at 1604-1605). However, because defendant did not controvert his status as a second felony offender, the People have not sought to admit an "accusatory instrument that describe[s] the particular act or acts underlying the charge [for purposes of] isolat[ing] and identify[ing] the statutory crime[s] of which . . . defendant was accused" for purposes of "determining whether Penal Law § 70.06 [1] [b] [i] has been satisfied" (People v Muniz, 74 NY2d at 468).[FN1] Accordingly, we remit this matter for a hearing on defendant's CPL 440.20 motion to give the People the opportunity to establish, and defendant the opportunity to protest, the issue of equivalency, which is a determination we cannot make on the current record.
As to defendant's remaining contention regarding the CPL 440.10 portion of his motion, that counsel was ineffective inasmuch as he failed to "make the pertinent arguments made in [People v] Campanioni" regarding his predicate felony offender status (see People v Campanioni, 199 AD3d 474), we are unpersuaded. Significantly, the First Department did not decide People v Campanioni until November 2021, more than two years after defendant was convicted in April 2019. Certainly, counsel cannot be faulted for failing to make specific arguments raised in a case that had yet to be decided and which defendant now, with the benefit of hindsight, claims would be successful (see generally People v Dunham, 231 AD3d 1437, 1442 [3d Dept 2024]). Moreover, given relevant case law at the time, counsel had a reasonable basis to believe that the federal conviction was equivalent to that of a felony in New York (see People v Davis, 120 AD3d 1542, 1544 [4th Dept 2014], lv denied 26 NY3d 1087 [2015]; People v Hernandez, 296 AD2d 556, 557 [2d Dept 2002], lv denied 98 NY2d 711 [2002] ; People v Vasquez, 167 AD2d 236, 237 [1st Dept 1990], lv denied 77 NY2d 912 [1991]; see also Hendley v Clark, 147 AD2d 347, 349 [3d Dept 1989]; Matter of Mintz, 110 AD2d 129, 130 [1st Dept 1985]).[FN2] To the extent defendant asserts other vague failings by counsel, we find those assertions to be "unsupported by the record or by any evidentiary submission other than defendant's affidavit" (People v Stuber, 205 AD3d 1147, 1150 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1136 [2022]; see People v Vittengl, 203 AD3d 1390, 1393 [3d Dept 2022]). "Given defendant's unsupported self-serving affidavit, the favorable plea agreement and lack of evidence in the record that casts doubt on counsel's apparent ineffectiveness[*4], we find no abuse of discretion in [Supreme] Court's denial of defendant's motion to vacate the judgment without a hearing" as to his CPL 440.10 claim of ineffective assistance of counsel (People v Guilianelle, 233 AD3d 1179, 1181 [3d Dept 2024] [citations omitted]; see People v Bailey, 232 AD3d 1031, 1038 [3d Dept 2024]).
Aarons, J.P., Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the order is modified, on the law, by reversing so much thereof as denied the portion of defendant's motion pursuant to CPL 440.20 to set aside the sentence; matter remitted to the Supreme Court for a hearing on that portion of the motion; and, as so modified, affirmed.

Footnotes

Footnote 1: We do not find the People's reference, in their appellate brief, to a US District Court decision on a 28 USC § 2255 motion filed by defendant in which a reference is made to defendant having "pled guilty to three counts of distributing crack cocaine" sufficient to allow for intelligent appellate review (see Darby v United States, 2009 WL 10671348, *1 [US Dist Ct SC, Apr. 21, 2009, No. 4:05-CR-465-RBH-1], appeal dismissed 352 Fed Appx 825 [4th Cir 2009]).

Footnote 2: At this time, this Court has neither adopted nor rejected the holding of the First Department in People v Campanioni.